[Crim. No. 67.   Fourth Appellate District.—May 18, 1932.]

THE PEOPLE, Respondent, v. ADOLPH VAN ZANDT, Appellant.

Joseph Seymour for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

SCOVEL, J., *pro tem.*—The defendant in this action was convicted in the Superior Court of Riverside County of the crime of driving an automobile while under the influence of intoxicating liquor. The information alleges that the defendant on December 11, 1931, at the county of Riverside, state of California, did wilfully and unlawfully drive an automobile along and over that certain public highway in the county of Riverside, to wit, State Highway No. 26, the defendant being then and there and while so driving and operating said automobile, under the influence of intoxicating liquor. After arraignment the defendant filed a demurrer and motion to dismiss the information on the ground that he had not been legally committed by a magistrate for the reason that it did not appear in the transcript of the preliminary examination in what township the alleged crime was committed or whether or not State Highway No. 26 was a public highway. Nowhere in the transcript on this appeal, however, does the evidence produced at the preliminary examination appear. The demurrer was overruled and the motion to set aside the information denied. Thereupon the defendant pleaded not guilty and the case was set for trial before the regular jury panel. The clerk's minutes of the trial show that the regular jury panel was present at the trial and that defendant was duly convicted, and no question is raised as to the sufficiency of the evidence to sustain their verdict. A motion for new trial was thereafter filed

by defendant on the ground that defendant had not been tried by the regular jury panel supported by the affidavit of defendant's counsel that the jury who tried the action was a special venire. The motion was denied and judgment pronounced. Defendant has appealed and as a basis for his appeal raises three points.

The first point is that the court in making a statement of the case prior to the examination of the jury invaded the province of the jury by making a statement of fact. The statement objected to is as follows:

"The Court: Members of the Jury, this is an action entitled The People of the State of California, Plaintiff, vs. Adolph Van Zandt, Defendant, in which the defendant Adolph Van Zandt, is charged with a felony, to wit, driving an automobile while under the influence of intoxicating liquor on the 11th day of December, 1931, in this county, being State Highway No. 26, the offense happening near Branning.

"Mr. Seymour: We take exception to the court's statement and assign it as prejudicial error. State Highway No. 26 extends from Los Angeles to the Mexican line.

"The Court: Objection overruled."

Appellant now claims that the court advised the jury that the offense charged had actually occurred. It will be noted, however, that the basis of counsel's exception was not that the court stated that the offense occurred, but apparently that the court stated to the jury that State Highway No. 26 was in Riverside County. A casual reading of the statement will show that the court, in referring to State Highway No. 26, was merely reciting the allegation in the information to the effect that the defendant was charged with driving on State Highway No. 26. Perhaps the latter portion of the court's statement, to wit, "the offense happening near Banning", is subject to some objection as a statement of fact, and it would doubtless have been better had the court qualified the statement by designating the offense as the "alleged offense". It is quite clear, however, that the court was not attempting to instruct the jury either as to the law or as to the facts involved, but was merely making a general statement of the charge in order that prospective jurors might intelligently answer subsequent questions as to their qualifications. At the close of the trial the jury was fully

and fairly instructed that they were the sole judges of the facts, upon whom the burden of proof rested, and the presumption of defendant's innocence. And the evidence being amply sufficient to sustain the conviction, we do not see that the error of the court, if error it be, was prejudicial to any of defendant's substantial rights.

The next point raised by defendant is that the venue of the action was not established, inasmuch as the record of the trial in the superior court does not show that the crime was committed in the township in which the preliminary examination was held and from which defendant was committed to the superior court. We are cited to no authority for the assertion that the preliminary examination must be held in the township where the offense occurred. The procedure for prosecuting felonies is set forth in Penal Code, section 811 et seq. Section 811 of the Penal Code provides that when an information is laid before a magistrate of the commission of a public offense *triable within the county,* he must take depositions of the informant or prosecutor and any witnesses produced. Section 813 provides for the issuance of a warrant. Sections 821 and 824 provide for taking the defendant before the magistrate *who issued the warrant.* Sections 858 and 860 provide for the arraignment and preliminary examination, setting forth that when the defendant is brought before the magistrate he shall be informed of the charge and within a reasonable time thereafter proceed with the examination of the case. From the foregoing it clearly appears that a complaint may be filed before any magistrate charging the commission of a public offense anywhere within the county, and that when the defendant is brought before him, such magistrate has jurisdiction to entertain a preliminary examination thereof and under section 872, if it appears from the examination that a public offense has been committed and there is sufficient cause to believe the defendant guilty thereof, hold the defendant to the superior court for answer.

Appellant also challenges the jurisdiction of the jury impaneled at the trial. The transcript, as the statement of facts above sets forth, shows a conflict as to whether or not defendant was tried by the regular jury panel. The clerk's minutes show that the jury was the regular panel. The affidavit filed by defendant on motion for new trial recites that

the jury was a special venire. But the court having denied the motion, it must be assumed that the conflict was resolved in favor of the regularity of the jury panel, which finding is conclusive upon this court on appeal. Furthermore, section 1060 of the Penal Code provides that a challenge to the panel must be taken before a juror is sworn. In order to avoid this statutory provision counsel in his brief states that he did not know that the jury was not the regular panel until after the jury had been sworn. This court, however, is bound by the record. Nothing appears in the record to show that defendant's counsel had no knowledge of the fact, if, indeed, the case was tried by a special venire. The affidavit filed in support of defendant's motion for a new trial fails to so state. In the absence of anything in the record showing a lack of knowledge of the facts by the defendant or his counsel, particularly where an opportunity was given to present the same to the trial court upon the motion for new trial, we cannot accept counsel's statement in his brief on appeal as proof of the fact. We do not want to be understood as holding that under such circumstances the matter of irregularity in selection of a trial jury can be raised after the jury is sworn. A decision on the point is unnecessary to this appeal. It is sufficient to say that lack of knowledge thereof on the part of appellant does not appear upon the record.

No error appearing in the record, the judgment and orders appealed from are affirmed.

Barnard, P. J., and Marks, J., concurred.