[Crim. No. 182.   Fourth Appellate District.—July 1, 1935.]

THE PEOPLE, Respondent, v. MALCOLM F. CALKINS, Appellant.

Albert Peterson for Appellant.

U. S. Webb, Attorney-General, Paul D. McCormick, Deputy Attorney-General, and Roger R. Walch, District Attorney, for Respondent.

MARKS, J.—Defendant was convicted of the crime of criminal libel of W. V. Buckner by the publication on December 23, 1934, of an article appearing in the Corcoran News, a newspaper published in Corcoran, Kings County, of which he was the publisher and editor. ██ Besides appealing from the judgment and order denying his motion for new trial, defendant has attempted to appeal from an "order denying a motion to set aside the information", an "order denying the plea of former jeopardy, and the plea of former acquittal", and "the order . . . permitting the association of counsel for the prosecution as special counsel". The three orders latterly specified are not appealable orders and the attempted appeal from them is dismissed. (Sec. 1237, Pen. Code.)

W. V. Buckner was sheriff of Kings County. He had been defeated for reelection and at the time of the publication of the article in question was either out of office or was serving

the unexpired portion of his term. The article was a vicious attack upon him and his conduct in office. It accused him of the commission of crimes and acts of malfeasance and misfeasance in office which need not be specified. Unless the charges made were founded on fact and were true they constituted an unwarranted and unjustified libel of the worst kind.

■ Defendant urges that the trial court erred in denying his motion to set aside the information against him. He divides his argument in support of this contention into three subdivisions: (1) That he was not in legal custody, contending that the warrant of arrest issued by the justice of the peace before whom the original complaint was filed was never served upon him. (2) That this justice of the peace refused to disqualify himself after defendant claimed prejudice and bias. (3) That the committing magistrate did not have jurisdiction to conduct the preliminary examination.

The first two grounds specified may not properly be urged in support of a motion to set aside an information. (Sec. 995, Pen. Code; 14 Cal. Jur. 74 et seq.) Even though we could consider these grounds there is no record to support them. The files of the committing magistrate are not before us. (Rule II, Rules for the Supreme Court and District Courts of Appeal.) ■ In support of his third ground defendant argues that as the offense charged was not committed in Hanford Township the justice of the peace of that township had no jurisdiction to hold the preliminary examination. This argument is answered by the case of *People* v. *Van Zandt,* 123 Cal. App. 520 [11 Pac. (2d) 645].

■ Defendant next urges that the court erred in reading what counsel calls "his written opinion" with his instructions to the jury. The trial judge very briefly and fairly defined the issues of fact presented by the evidence under the law applicable to the case. He is permitted to do this under the provisions of section 19 of article VI of the Constitution since its amendment in 1934. He was careful to advise the members of the jury that they were the sole judges of the facts in the case and that what he said was "merely advisory and not binding upon you".

■ The trial judge permitted a member of the bar to be associated with the district attorney in the prosecution of the case. We know of no rule of law, and have been cited to none, prohibiting such procedure.

■ Defendant complains of the refusal of the trial judge to give the following instruction requested by him: "You are instructed that where the defendant seeks to justify by reason of the truth of the imputation, it is only necessary for him to raise a reasonable doubt in the minds of the jury as to the truth of the charge." Assuming that this instruction contains a correct statement of the law its subject matter was covered by another instruction.

■ Defendant states, "Appellant submits to the court that the evidence was insufficient to sustain the verdict of the jury upon information". This bald statement is made without quotation from or reference to the record, or summary of the evidence, or any supporting argument. Overlooking the unusual manner of presenting this question, we have studied the record and find that the evidence amply supports the verdict and judgment.

■ Defendant claims error in the fact that when the information was being read to the jury he objected to the libelous article being read in full because it contained disparaging remarks concerning persons other than the complaining witness.

The information set forth the libelous article in full. No prior objection was made by defendant to the form of the information. During the reading of the information the district attorney offered to have omitted the reading of those parts of the article referring to persons other than the complaining witness if defendant would consent to such procedure and waive any possible error resulting therefrom. This counsel for defendant refused to do. Section 1093 of the Penal Code provides that in felony cases the information must be read to the jury and that "in all other cases this formality may be dispensed with". Under the circumstances we can find no prejudicial error in the procedure followed.

■ Appellant entered a plea of former acquittal and former jeopardy. In support of this plea he introduced in evidence a portion of the record of a case tried in Tulare County where he was acquitted on a charge of libelling W. V. Buckner, the complaining witness in the instant case. The charge in the Tulare County case was based on an article written and published by defendant on November 2, 1934, which did not name Buckner as the officer who was charged with doing certain unlawful acts. The basis of the prosecu-

tion in the instant case was an article written and published by defendant on December 23, 1934, which named Buckner and specifically charged him with various crimes and misfeasance and malfeasance in office. On motion of the district attorney the record of the trial in Tulare County was stricken from the evidence. There was no error in this ruling as the two informations charged two separate libels couched in entirely different language and published at different times. The second article charged Buckner with acts and conduct not hinted at in the first. Two separate libels were charged and the acquittal of one was not a bar to prosecution for the other. (*People* v. *Perry*, 99 Cal. App. 90 [277 Pac. 1080].)

Defendant claims error in the trial court's ruling on the admissibility of evidence. We have examined those particularly complained of and can find no error in them. The guilt of defendant is so conclusively established by the record that we would find it impossible to reverse the judgment for mere technical errors, if they existed, in view of the provisions of section 4½ of article VI of the Constitution.

The judgment and order appealed from are affirmed.

Barnard, P. J., and Harden, J., *pro tem.*, concurred.