[Crim. No. 1440.   Third Appellate District.—November 12, 1935.]

THE PEOPLE, Respondent, v. EDWARD KEPFORD, Appellant.

Edward Kepford, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

DEIRUP, J., *pro tem.*—The defendant was convicted of the crime of burglary in the second degree upon evidence which may be summarized as follows:

Ralph Watson owned a poultry ranch. The defendant was the owner of a blue "Nash" sedan, around which was a narrow white stripe, and on three occasions the defendant had visited the ranch in his car. On the evening of February 10, 1935, Latima Ziemann, a neighbor, while driving slowly past the Watson place, observed a blue "Nash" sedan parked at the side of the road. She noticed a streak of "a bright color", which she recalled as being yellow, around the car. On the following morning Watson discovered that his barn had been broken into and that two egg cases, each half-full of eggs, had been stolen. Andrew Herzer, who lived on a ranch in an adjoining county, testified that about three weeks or a month prior to March 15, 1935, the defendant brought an egg case, partly full of eggs, to that place in his blue sedan. Andrew's mother testified that the case arrived at the time when the defendant did. Louis Totman, a deputy sheriff, took the egg case from the Herzer home on March 15th. It was offered in evidence, and was identified by Watson as being exactly like one of the two that had been stolen. The defendant did not account for his possession of the article.

Defendant contends that each of the circumstances as proven failed to show, beyond a reasonable doubt, that he was connected with the crime. The "Nash" car seen at the edge of the road was not positively identified as being his, and the egg case shown to have been in his possession was not definitely proven to be the one which was stolen. Defendant argues that each of the circumstances must be viewed separately in the light of the presumption of innocence.

■ The jury had before it all of the circumstances connecting the defendant with the crime, and it was their province to draw inferences therefrom. The ownership of an automobile similar to one observed near the scene of a crime was held, in *People* v. *Latona*, 2 Cal. (2d) 714 [43 Pac. (2d) 260], to be a circumstance indicating guilt, and testimony that an article found in a defendant's possession is similar to one that was stolen, is a sufficient identification, in the absence of an explanation by the defendant. (*People* v. *Frahm*, 107 Cal. App. 253 [290 Pac. 678].) We think that the circumstances in this case fully justified the conclusion of the jury, as expressed in their verdict; but even if we were of the opinion that they might be reasonably reconciled with the innocence of the defendant, we should not be warranted in interfering with the determination of the jury. (*People* v. *Latona, supra.*)

■ There was some conflict in the evidence as to whether the stripe on defendant's car was white or yellow, or a quarter of an inch wide, or less. The defendant asked the court to order a view of the automobile by the jury, and asserts that he was prejudiced by refusal of the court to do so. It is apparent, however, that such discrepancies in the testimony as are shown by the record were immaterial; furthermore, the making of an order for a view, pursuant to the provisions of section 1119 of the Penal Code, "is a matter committed solely to the discretion of the court, and it is difficult to conceive of a case in which the facts would justify a reversal for an abuse of such discretion." (*People* v. *Wong Hing*, 176 Cal. 699 [169 Pac. 357].)

■ The burglary was committed in Elkhorn township. The complaint against the defendant was filed in Stockton township, in the same county. Defendant contends that the justice of the peace of the latter township lacked jurisdiction to hold the defendant to answer in the superior court. It is, however, settled that a complaint charging the commission of a public offense may be filed before any magistrate within the county in which the offense was committed, and such magistrate has jurisdiction to hold the defendant to answer. (*People* v. *Van Zandt*, 123 Cal. App. 520 [11 Pac. (2d) 645].)

The judgment and order are affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1935.