[Civil No. 4369. Filed November 10, 1941.]

[118 Pac. (2d) 676.]

THE STATE OF ARIZONA (Lon Jordan, as Sheriff of Maricopa County, Arizona), Appellants, v. ED GRIFFIN and NORMA GREEN, Appellees.

Mr. Joe Conway, Attorney General, Mr. Albert M. Garcia, Assistant Attorney General; Mr. Richard F. Harless, County Attorney, and Mr. Charles B. Mc-Alister, Deputy County Attorney, for Appellants.

Mr. Jacob Morgan, for Appellees.

LOCKWOOD, C. J.—A complaint was filed in the justice court of East Phoenix Precinct, charging Edward Griffin and Norma Ruth Green with an offense in the following language:

" . . . that at Wickenburg Precinct, Maricopa County, State of Arizona, on or about the 14th day of March, A. D. 1940, one Edward Griffin and Norma Ruth Green did then and there commit a felony, to-wit: *open and notorious co-habitation* as follows, to-wit:

"The said Edward Griffin and Norma Ruth Green on or about the 14th day of March, 1940, and before the filing of this complaint at East Phoenix Precinct, County of Maricopa, State of Arizona, did then and there wilfully, unlawfully and feloniously, live in a state of open and notorious co-habitation, not being then and there husband and wife, he, the said Edward Griffin, being an adult male person, and she, the said Norma Ruth Green, being an adult female person."

The petitioners moved to dismiss on the ground that the offense was only a misdemeanor, and the complaint could only be filed in the Wickenburg Justice Precinct, which is a justice precinct of Maricopa County, separate and distinct from that of East Phoenix. The justice of the peace refused to grant the motion, so a petition for a writ of *habeas corpus* was filed in the superior court of Maricopa County. The court granted the writ and discharged the petitioners, whereupon the State appealed.

There are two questions involved, one of procedure and the other of substance. It is insisted by petitioners that the State of Arizona is not a party to the proceeding, and, therefore, may not be heard on an appeal from the judgment on the *habeas corpus*. Subdivision 7, section 21–1702, Arizona Code 1939, reads as follows:

*"Judgments and orders reviewable.*—An appeal may be taken to the Supreme Court from a superior court in the following cases:

" . . .

"7. From an order or judgment on *habeas corpus,* in which the petitioner may appeal from an order refusing his discharge, and the officer having the custody of the petitioner, or the county attorney on behalf of the state, from an order or judgment discharging the petitioner; if from the latter the court may admit the petitioner to bail pending the appeal."

 We think this section is conclusive upon the right of the county attorney to appeal on behalf of the State in the present action. It is always an interested party in all criminal proceedings, and this right has frequently been exercised in Arizona. *Ex parte Douglas,* 54 Ariz. 332, 95 Pac. (2d) 560.

We come then to a consideration of the case on the merits. If the offense charged is a felony, the superior court erred in granting the writ; if it is a misdemeanor, its action was correct. This depends upon an interpretation of our statutes. Sections 240 and 241, Penal Code of 1913, read respectively as follows:

"Every person who commits adultery shall be imprisoned in the state prison not more than three years, and when the crime is committed between parties only one of whom is married, both shall be punished. No prosecution therefor can be commenced except on the complaint of the husband or wife."

"Every person who lives in a state of open and notorious cohabitation or adultery is guilty of a misdemeanor."

It clearly appears therefrom that there were two separate and distinct offenses set up thereby. Section 240 covers the offense of adultery. Under the common and civil law an act of adultery consisted of sexual intercourse between a married woman and any man other than her husband. *Warner* v. *State,*

202 Ind. 479, 175 N. E. 661, 74 A. L. R. 1357. Apparently if the woman was not married the act did not constitute adultery. Under the canon law, however, if either party was married to another person such act constituted adultery. *State* v. *Byrum,* 60 Neb. 384, 83 N. W. 207. The ordinary acceptation of the term has usually in this country followed the canon law definition, and the language of section 240, *supra,* indicates clearly that that was the definition which the legislature had in mind at the time the statute was adopted. In Arizona, therefore, adultery consisted of sexual intercourse between parties other than husband and wife when one of the parties was married, and a single act of intercourse completed the crime, nor did the public need to have any knowledge thereof. *State* v. *Brooks,* 215 Wis. 134, 254 N. W. 374, 94 A. L. R. 401. The statute also provided that no prosecution for adultery could be commenced except upon the complaint of the injured spouse, evidently on the theory that the offense was primarily against such person, and, if condoned, the State was not further interested.

Section 241, however, sets up a separate and different crime. The gist of the offense is the open and notorious conduct which offends the moral sense of the public, and it is in no way dependent on the attitude of an injured spouse. Since this is true, the cohabitation must be open, notorious, and more or less continuous, and the offense may be committed between two unmarried persons as well as between those, one of whom, at least, is married.

The code was revised in 1928. In that code sections 4627 and 4628 (sections 43–401, 43–402, Ariz. Code 1939) appear respectively as follows:

"*Adultery defined; punishment; who may complain.* Any married person who has sexual intercourse with another than his or her spouse, and any unmarried

person who has sexual intercourse with a married person not his or her spouse, is guilty of adultery, and shall be imprisoned in the state prison for not more than three years, and when the act is committed between parties only one of whom is married, both shall be punished. No prosecution therefor shall be commenced except upon complaint of the husband or wife.''

''*Open and notorious cohabitation; punishment.* Every person who lives in a state of open and notorious cohabitation or adultery is guilty of a felony and upon conviction thereof shall be imprisoned in the state prison for not more than three years.''

It will be seen upon an examination that section 240 of the Penal Code of 1913 was brought forward unchanged, but section 241 was amended by making the offense a felony and providing a penalty of imprisonment in the state prison for not more than three years.

It is urged by petitioners that since the legislature in 1925, when it provided for a revision of the code and created the office of code commissioner, directed the commissioner not to change the law but merely to simplify it and to leave out unnecessary portions; he had no authority to change the offense set forth in section 240, *supra,* from a misdemeanor to a felony, and that the change was, therefore, void. They also appeal to our decisions holding that where the language of the code of 1928 is ambiguous, we would construe the law as being identical with that prevailing under the 1913 code. *In re Sullivan's Estate,* 38 Ariz. 387, 300 Pac. 193. Petitioners overlook the fact that the code of 1928, as finally adopted, was not a compilation made by the code commissioner and published as such, as was the code of 1939, but was a true revised code, passed as an original and independent act by the legislature in 1928, and as such derived all its authority not from any previous acts, but from

the act of the legislature enacting that code itself. *Ellery* v. *State,* 42 Ariz. 79, 22 Pac. (2d) 838; *Hoy* v. *State,* 53 Ariz. 440, 90 Pac. (2d) 623. This being the case, it is only when the provisions of the code of 1928 are ambiguous that we may refer to the earlier codes to ascertain their meaning. When they are clear, distinct and positive on their face, the language and provisions of previous codes are immaterial.

There can be no question that section 4628, *supra,* explicitly and beyond doubt makes the crime of open and notorious cohabitation a felony. The complaint in the present case charges an offense under that section and, such being the case, it might be filed in any precinct in the county.

The order of the superior court appealed from is set aside and the case remanded with instructions to quash the writ of *habeas corpus* heretofore issued.

McALISTER and ROSS, JJ., concur.