[Crim. No. 1916.   Fourth Dist.   Oct. 29, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. HERSLEY JONES, Defendant and Appellant.

Hersley Jones, in pro. per., and Charles E. Ward, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and C. Anthony Collins, Deputy Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—The appellant was a codefendant of Finis Hellum whose initial conviction was reversed in *People* v. *Hellum*, 205 Cal.App.2d 150 [22 Cal.Rptr. 724]. After Hellum's conviction was reversed by this court because he had not been represented by counsel at the preliminary hearing, the conviction in appellant's case was reversed for the same defect upon stipulation of the parties. (*People* v. *Jones*, 4 Crim. No. 1707.)

A new complaint was filed against appellant and a new preliminary hearing was held. He was held to answer and waived trial by jury, submitting the matter to the trial court on the record of the preliminary hearing. The trial court found him guilty of second degree burglary and he was sentenced to six months' imprisonment in the county jail. The appeal is from this judgment.

The evidence shows that on December 17, 1960, a clothing store in Ontario, California was burglarized. About $3,000 worth of clothing was taken. The owner next saw the stolen merchandise in the Ontario Police Station. An Ontario police officer testified that appellant freely told him that he and Hellum burglarized the store on December 17, 1960. The confession included the details of how the burglary was accomplished and a description of the articles taken. Upon arriving in Los Angeles, appellant and Hellum divided the goods between them and went their separate ways.

In his brief in propria persona, appellant contends that the municipal court did not have jurisdiction to conduct the preliminary hearing, that he was denied counsel, that there was

insufficient evidence of his guilt, and that the prosecution used unfair methods.

Apparently appellant's argument that the preliminary hearing was erroneously held in the wrong court is based upon the fact that the offense was committed in Ontario whereas the preliminary hearing was held in the San Bernardino Judicial District. However, the cases of *People* v. *Van Zandt*, 123 Cal.App. 520 [11 P.2d 645], and *People* v. *Calkins*, 8 Cal.App.2d 251 [47 P.2d 544], hold that the venue of a preliminary hearing can be in any court in the county in which the offense is committed. Although there has been some change in the applicable Penal Code sections since these decisions, Penal Code, section 859, still provides that the preliminary hearing may be conducted by the magistrate of the court in which the complaint is on file, and that the complaint must be filed in a court within the county in which the offense is committed. Appellant's contention is therefore without merit.

Appellant then argues that he was not represented by counsel at his trial and in the alternative contends that his counsel was not properly prepared for trial. Examination of the record shows that appellant was represented by counsel and that his counsel made every feasible effort to advance appellant's cause. There is no basis for either contention.

Appellant also argues that the prosecutor used unfair tactics. This contention is based upon the fact that one of the witnesses first testified that the burglary occurred on December 7, 1960, and then after having his memory refreshed by the prosecutor testified that it could have been on December 17. More than two years had elapsed between the date of the offense and the date of the hearing and the witness' forgetfulness as to the date is understandable. The prosecutor did not commit any misconduct in his efforts to refresh the witness' memory. Leading questions are permissible where necessary to stimulate or revive the recollection of a witness. (Witkin, California Evidence, § 592, p. 646.) In any event, the date of the offense was not at issue and the court was acting entirely within its discretion in permitting the leading question. (*People* v. *Mora*, 139 Cal.App.2d 266, 272 [293 P.2d 522].)

Appellant's final contention is that the evidence was insufficient to support his conviction. This contention is so obviously without merit it scarcely deserves discussion. Suffice it to say that appellant's voluntary confession related

by Officer Edmonson, in addition to testimony independently proving the corpus delicti, provided ample evidence of his guilt and was sufficient to justify his conviction of second degree burglary.

Judgment affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.