413 P.2d 264

**STATE of Arizona ex rel. Robert K. CORBIN, County Attorney for Maricopa County, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, Edwin Thurston, Judge thereof, John Jesseman Dickinson and R. Jay Allison, real parties in interest, Respondents.**

No. 8732.

Supreme Court of Arizona.

In Division.

April 14, 1966.

Modified on Rehearing May 19, 1966.
See —— P.2d ——.

Robert K. Corbin, Maricopa County Atty., by Robert A. Hertzberg, Deputy County Atty., for petitioner.

David C. Schutter, of Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for respondents.

McFARLAND, Justice:

This is a petition for a writ of certiorari to review a decision of the Honorable Edwin Thurston, Judge of the Superior Court, Maricopa County, granting a petition for a writ of prohibition, which stayed a preliminary examination in a felony case.

A criminal complaint, No. 9974, was filed in the Northeast Phoenix Justice Precinct, Maricopa County, September 21, 1965, charging respondents, real parties in interest, John Jesseman Dickinson and R. Jay Allison, with a felony, obstructing justice, in violation of A.R.S. § 13-541. The alleged felony occurred within the Tolleson Justice Precinct, Maricopa County. A preliminary hearing was set for November 22, 1965, before the Honorable Charles F. Coppock, Justice of the Peace, Northeast Phoenix Precinct.

On November 22, 1965, prior to the preliminary hearing, respondent real parties in interest filed a petition for a writ of prohibition in the Superior Court, Maricopa County, seeking prohibition of the preliminary hearing before Justice of the Peace Coppock, and requiring him to transfer the matter to the Tolleson Justice Precinct. Judge Thurston ordered the writ to issue which prohibited Justice of the Peace Coppock from

"Holding a preliminary examination in criminal cause No. 9974, or any other matter involving the petitioners, John Jesseman Dickinson and R. Jay Allison, which has arisen or may arise in a precinct other than Northeast Phoenix, except to transfer any such matter to the appropriate precinct."

Petitioner filed this writ of certiorari to review the proceedings, alleging that the jurisdiction of magistrates to hold preliminary hearings extends to any felony which occurs within the county. If petitioner's contentions are correct then the respondent superior court exceeded its jurisdiction.

The question, therefore, is whether the jurisdiction of a justice of the peace, when acting as a committing magistrate, is limited to felonies committed within the boundaries of his precinct. The answer to this question is found in examination of the Constitution, the statutes, and rules of criminal procedure relating to justice courts. The Constitution of the State of Arizona, Art. VI, Sec. 1, as amended[1], vests the judicial power of the state in an integrated judicial department which includes justice courts; Sec. 30 provides that such courts are not courts of record; and Sec. 32 that their number and jurisdiction shall be provided by law. Sec. 32 sets forth the jurisdiction of justice courts:

"The civil jurisdiction of courts inferior to the superior court and of justice courts shall not exceed the sum of two thousand five hundred dollars, exclusive of interest and costs. Criminal jurisdiction shall be limited to misdemeanors. * * *"

Art. II, Sec. 30, of the Constitution, relating to preliminary examinations, states:

"No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment; no person shall be prosecuted for felony by information without having had a preliminary examination before a magistrate or having waived such preliminary examination."

Respondents contend that the jurisdiction of justices of the peace in felonies is limited to offenses committed within the respective precincts by A.R.S. § 22–301. This section in no way refers to the holding of preliminary examinations before a magistrate in felony cases, but merely sets forth a list of the offenses triable before justices of the peace when said offenses are committed within the respective precincts.

A.R.S. § 22–201, as amended, sets forth the jurisdiction of justice courts in civil cases, and A.R.S. § 22–202 their venue in civil cases, but under neither the Constitution nor these sections of A.R.S. is the jurisdiction of an examining magistrate limited to offenses committed within his precinct. It is governed by provisions of Rule

1. The amendment of Article VI was adopted in 1960.

1, Arizona Rules of Criminal Procedure, 17 A.R.S., which provides:

"A. All criminal actions and proceedings brought before any magistrate for a public offense, triable within the county, shall be commenced by complaint, in writing, under oath, setting forth the offense charged, with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of."

It will be noted that a complaint may be filed before any magistrate[2] for a public offense triable within the county. The rules then provide the procedure for the issuing of the warrant of arrest, and for the bringing of the person against whom the complaint was made before the magistrate issuing the warrant, or, if he is absent or unable to act, before the nearest or most accessible magistrate in the same county.[3] The question then is whether when this procedure is followed the magistrate before whom the complaint is filed has jurisdiction to conduct the preliminary examination.

The only exception to this procedure is provided when an arrest is made without a warrant. A.R.S. § 13–1418 provides that the officer who has made the arrest shall without unnecessary delay take the person arrested before the nearest or most accessible magistrate in the county in which the arrest occurs, and shall make the complaint before that magistrate; however, in the instant case, an arrest was not made without a warrant, but after a complaint had been filed and the warrant issued thereon.

■ It is clear that Rule 1, Arizona Rules of Criminal Procedure, 17 A.R.S., specifically provides that proceedings may be commenced by a complaint before any magistrate and the only limitation provided for therein is that the offense be "triable within the county." Upon arrest under a warrant, the defendant must be taken without delay before the magistrate who issued the warrant. A.R.S. § 13–1417; Chitwood v. Eyman, 74 Ariz. 334, 248 P. 2d 884. Rule 16 et seq., Rules of Crim. Proced., 17 A.R.S., sets forth the procedure

---

2. Magistrate is defined in A.R.S. § 1–215, as amended.

"11. 'Magistrate' means an officer having power to issue a warrant for the arrest of a person charged with a public offense and includes the chief justice and judges of the supreme court, judges of the superior court, justices of the peace and police magistrates in cities and towns."

3. Paragraphs 1, 2, and 3 of Rule 3, Ariz. Rules of Crim. Proced., 17 A.R.S.:

"The warrant of arrest shall:

"1. Be in writing and in the name of the state.

"2. Set forth substantially the nature of the offense.

"3. Command that the person against whom the complaint was made be arrested and brought before the magistrate issuing the warrant or, if he is absent or unable to act, before the nearest or most accessible magistrate in the same county."

for the preliminary hearing before the magistrate who issued the warrant.

State v. Griffin, 58 Ariz. 187, 118 P.2d 676, was an appeal from the granting of a petition for a writ of habeas corpus by a judge of the Maricopa County Superior Court which ordered the discharge of the petitioner from incarceration in the Maricopa County Jail. A complaint had been filed in justice court, East Phoenix Precinct, Maricopa County, charging the petitioner with open and notorious cohabitation in Wickenburg Precinct, Maricopa County. The petitioners moved to dismiss the complaint on the ground that the offense was only a misdemeanor, thus the complaint could only be filed in Wickenburg Precinct. This court stated:

"We come then to a consideration of the case on the merits. If the offense charged is a felony, the superior court erred in granting the writ; if it is a misdemeanor, its action was correct. * * *

\* \* \* \* \* \*

"There can be no question that section 4628, supra, explicitly and beyond doubt makes the crime of open and notorious cohabitation a felony. The complaint in the present case charges an offense under that section and, such being the case, it might be filed in any precinct in the county." 58 Ariz. at 189, 118 P.2d at 677.

We set aside the order of the superior court, and remanded the case with instructions to quash the writ of habeas corpus.

Other states have not limited the jurisdiction of justices of the peace, when sitting as committing magistrates, to the precincts in which they are elected. In California the criminal jurisdiction of justice courts extends to misdemeanors where the offense charged was committed within the county. 13 Cal.Jur.2d Courts, § 178. With respect to the holding of preliminary examinations, any magistrate in the county where the offense was committed—including, by statute, a justice of the peace—and before whom the defendant is brought, has jurisdiction to hold such an examination. West's Ann.Penal Code § 808; People v. Jones, 221 Cal.App.2d 619, 34 Cal.Rptr. 618; People v. Kepford, 10 Cal.App.2d 128, 51 P.2d 429; People v. Calkins, 8 Cal.App.2d 251, 47 P.2d 544; People v. Van Zandt, 123 Cal.App. 520, 11 P.2d 645.

Texas, as Arizona, places criminal jurisdiction of its justice courts over misdemeanors within the precinct of the respective justices of the peace. But, when the justice of the peace sits as an examining magistrate, his jurisdiction is coextensive with the county—not merely his precinct. Vernon's Ann.C.C.P. art. 33 and 60a; Hart v. State, 15 Tex.App. 202, 49 Am.Rep. 188.

In State v. Andrus, 29 Idaho 1, 156 P. 421, the Idaho Supreme Court, in passing

upon the jurisdiction of justices of the peace sitting as committing magistrates under statutes similar to those of Arizona, § 19–501 et seq., Idaho Code Ann., held:

"The jurisdiction of a justice of the peace, sitting as a committing magistrate, extends throughout the county, and such a magistrate with whom a criminal complaint is filed charging that a felony or an indictable misdemeanor has been committed and who entertains the complaint and issues a warrant for the arrest of the accused thereby acquires jurisdiction to hold a preliminary examination of such charge, and he cannot be ousted therefrom by the officer who makes the arrest. It was the duty of the officer in this case to take appellant for preliminary examination before the magistrate who issued the warrant, and appellant had a right to have the preliminary examination conducted by that magistrate, unless some reason existed and was made to appear to the contrary. * * *" 156 P. at 423

 The respondent contends that if a complaint is filed in a precinct other than that in which it is alleged the crime occurred it is a denial of due process of law. The object of a preliminary examination is to determine whether "there is probable cause to believe the defendant guilty of the offense charged, * * *." Rule 33, subsec. A, Ariz.Rules of Crim.Proc., 17 A.R.S. We have previously set forth the rules of evidence to be followed in making this determination. State v. Essman, 98 Ariz. 228, 403 P.2d 540. It is the duty of a magistrate to receive evidence and determine the question of probable cause in accordance with these rules of evidence. The holding of a preliminary examination in a precinct other than that in which the offense is alleged to have been committed does not of itself prevent the magistrate from conducting a fair and impartial examination or deprive the defendant of due process of law.

The respondent also contends that the procedure followed by the county attorney in the selecting of a justice of the peace has resulted in the denial of due process of law, and that this is true in the instant case. In support of this contention, the respondents filed several affidavits, and called in witnesses who testified at the hearing. One of the witnesses was Justice of the Peace Vern Session of the Tolleson Precinct, in which the acts are alleged to have occurred, who testified that at the time the complaint in the instant case was filed:

"My calendar at that time and at all times is open so I could set hearings within any reasonable time."

He further testified that his schedule was not crowded, and that he in fact spent one or two days a week in Phoenix helping out with the overload of the justices of the peace there. Another witness, Harold Martin, a member of the staff of the Maricopa County Attorney's office, testified that criminal complaints in the office were as-

**242**

signed by rotation to one of the four Phoenix justice precincts, also that there was no attempt to pick a particular court for any case, and that the county attorney's office maintained a blackboard on which the work schedules and work load of each of the four precincts was kept somewhat equal. However, on cross-examination, he admitted it was not strictly on a rotation, and that the justices of the peace in the outlying precincts were not listed on the blackboard.

No county attorney, in the selection of a justice of the peace, can deprive defendant of a fair and impartial preliminary examination at which the requirements of due process of both the state and federal constitution are met, and in accordance with the Rules of Criminal Procedure, as interpreted by this court. If a defendant does not receive such a hearing, or if these rules are not followed, or if the evidence is not sufficient to support a finding of probable cause, he is not without remedy. We have held that writs of habeas corpus and motions to quash are available to a defendant after an information is filed in the superior court. State ex rel. Corbin v. Superior Court, 100 Ariz. 104, 412 P.2d 45; State v. Essman, supra; Martin v. Superior Court, 96 Ariz. 282, 394 P.2d 211; Valles v. Johnson, 71 Ariz. 71, 223 P.2d 815.

The basis of the lower court's decision was that a preliminary hearing must be held in the precinct in which the offense is alleged to have occurred. We pass only upon this question, and hold that the jurisdiction of a justice of the peace, sitting as a committing magistrate for purposes of holding a preliminary examination, is not limited to felonies which allegedly occurred within the precinct of the justice court.

The respondent superior court was acting in excess of its jurisdiction when it ordered the writ of prohibition to issue. It is therefore the order of this court that the writ of prohibition issued by the respondent superior court be quashed.

STRUCKMEYER, C. J., and UDALL, J., concur.