[Civ. No. 14535. Third Dist. Feb. 13, 1976.]

DOUGLAS HARRY STANLEY, Plaintiff and Appellant, v.
THE JUSTICE COURT FOR THE AUBURN JUDICIAL DISTRICT
OF PLACER COUNTY et al., Defendants and Respondents;
THE PEOPLE, Real Party in Interest and Respondent.

## COUNSEL

Joseph Q. Joynt and Robert M. Holley for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Marjory Winston Parker and Susan E. Cohn, Deputy Attorneys General, and Daniel J. Higgins, District Attorney, for Defendants and Respondents and for Real Party in Interest and Respondent.

## OPINION

PUGLIA, P. J.—The resolution of this appeal requires that we interpret the qualifying phrase "nearest or most accessible" as descriptive of the magistrate before whom one arrested for felony without a warrant must be taken "without unnecessary delay." (Pen. Code, § 849, subd. (a).)[1] Appellant[2] herein asserts that the qualifying phrase imposes essentially a geographic limitation. We conclude that such a literal interpretation of the phrase would create unmanageable discordance among various Penal Code provisions governing felony pretrial procedure. Consequently, we reject the interpretation sought by defendant.

Defendant was arrested by sheriff's deputies on July 4 at Kings Beach, Placer County, California, for violation of section 647, subdivision (f) (public intoxication), a misdemeanor, and violation of Health and Safety Code section 11357 (possession of marijuana), a felony. The officers did not have a warrant of arrest. Defendant was booked and jailed at the Placer County Sheriff's substation at Tahoe City. He demanded to be taken before the nearest or most accessible magistrate. His demand was refused. Both Kings Beach and Tahoe City are within the geographical boundaries of the Tahoe Judicial District wherein a justice court is established. The Tahoe Justice Court is located within the same building as the jail in which defendant was confined.

In the morning of July 5, defendant appeared with his attorney before the judge of the Tahoe Justice Court sitting as a magistrate. He was

---

[1]All section references hereinafter are to the Penal Code unless otherwise indicated.

[2]Appellant is plaintiff below in the within proceeding in which he seeks a prerogative writ. Appellant also is defendant in the underlying criminal action to which the instant proceedings are directed. In the interests of clarity and simplicity, we shall hereafter refer to appellant as defendant.

admitted to bail in the sum of $1,000. There was no complaint before the magistrate. The magistrate refused defendant's demand for arraignment and advice of the charges and of his rights. In the afternoon of July 5, following his release on bail, defendant learned that a felony complaint had been or was about to be filed in the justice court of the Auburn Judicial District in Placer County, and that he was to appear there on July 11 for arraignment.

On July 9, defendant filed in the Placer County Superior Court the instant petition for relief in the nature of prohibition and/or mandate, naming the justice courts of the Auburn and Tahoe Judicial Districts and the District Attorney of Placer County as respondents. In this proceeding, defendant seeks orders directing the district attorney to dismiss the criminal proceedings pending against him in the Auburn Justice Court and to commence the same in the Tahoe Justice Court. He also seeks an order prohibiting the Auburn Justice Court from proceeding further on the criminal action in which he is defendant and directing the Tahoe Justice Court to assume jurisdiction thereof. The district attorney's demurrer to the petition was sustained by the superior court without leave to amend and judgment of dismissal was entered accordingly. Defendant appeals.

Section 849, subdivision (a) provides: "When an arrest is made without a warrant by a peace officer or private person, the person arrested, if not otherwise released, shall, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the offense is triable, and a complaint stating the charge against the arrested person shall be laid before such magistrate."

At the outset we emphasize that section 849, subdivision (a), does not state a preference for proceedings in the vicinage in which the crime was committed. It relates rather to the place of arrest, a place not necessarily identical with the locus of the offense. Furthermore, section 849, subdivision (a) does not limit jurisdiction or venue of preliminary felony proceedings to the magistrate described therein. All judges of the appellate and trial courts are magistrates. (§ 808.) ▮ Judges "when sitting as magistrates, have the jurisdiction and powers conferred by law upon magistrates, and not those which pertain to their respective judicial offices." (*People* v. *Crespi* (1896) 115 Cal. 50, 54 [46 P. 863].) Preliminary felony proceedings before a magistrate do not invoke the jurisdiction of the court of which the magistrate is a judge. (*Wells* v. *Justice Court*

(1960) 181 Cal.App.2d 221, 224 [5 Cal.Rptr. 204].) Before an information charging felony may be filed, a preliminary examination must be conducted before a magistrate, commenced by written complaint and culminating in an order holding defendant to answer for trial in superior court. (§ 738.) The complaint required to commence such proceedings may be filed in the court of any magistrate within the county in which the offense was committed without reference to the particular judicial district in which the offense occurred. A magistrate of that court has jurisdiction to hear the preliminary examination. (§ 859; *Koski* v. *James* (1975) 47 Cal.App.3d 349, 354 [120 Cal.Rptr. 754]; *People* v. *Kepford* (1935) 10 Cal.App.2d 128, 130 [51 P.2d 429]; *People* v. *Calkins* (1935) 8 Cal.App.2d 251, 254 [47 P.2d 544]; *People* v. *Van Zandt* (1932) 123 Cal.App. 520, 523 [11 P.2d 645].) Thus a magistrate of the Auburn Justice Court has jurisdiction over the proceedings on the complaint charging defendant, and that court is a proper place for the conduct of the preliminary examination.

 We must still determine, however, whether the language of section 849, subdivision (a) constitutes an inflexible demand that the written complaint mentioned in section 738 be filed in the court of the magistrate physically nearest the location of defendant's arrest. All other things being equal, that magistrate presumably would be the most accessible of all magistrates within the county. Considered in isolation, the phrase "nearest or most accessible" would seem to impose a simple mechanical test admitting of no latitude in its application.

 In interpreting a statute faithfully to the intent of the Legislature, we are constrained, where possible, to give meaning and effect to every word, phrase, and sentence of the enactment. A construction rendering some words superfluous is to be avoided. All the words of a statute must be construed in context, keeping in mind the nature and purpose of the statute in which they appear. The various parts of the enactment must be harmonized by considering the particular phrase to be construed in the context of the statutory framework as a whole. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) Expanding our consideration of section 849, subdivision (a) accordingly to embrace all of its provisions, we note that the "nearest or most accessible magistrate" before whom the arrestee must be taken is also the magistrate before whom "a complaint stating the charge against the arrested person shall be

laid . . . ."[3] Moreover, both of these commandments must be accomplished without "unnecessary delay." Given the purposes of the section, which we shall discuss *infra,* they must also be accomplished contemporaneously.

At this point we turn to consideration of the mechanics involved in the preparation and filing of the complaint. As we shall see, the arresting officer cannot prepare and file an accusatory pleading charging a defendant with a crime. Insofar as section 849, subdivision (a) is concerned therefore, his obligation is discharged when he physically brings the arrestee before the magistrate without unnecessary delay. The written complaint contemplated by section 738 must be subscribed under oath by the complainant and filed with the magistrate. Furthermore, where, as here, the magistrate is a justice court judge, the complaint must be "concurred in by the district attorney of the county in which [the magistrate] sits or the Attorney General of the State of California." (§ 806.) ▪ In practical effect then, the discretion whether or not to prosecute one arrested for felony without a warrant (and not otherwise released by the arresting officer under § 849, subd. (b)) is vested in the district attorney (cf. *People* v. *Barnhart* (1939) 37 Cal.App.2d Supp. 748, 750-752 [94 P.2d 411]).

The proper exercise of such discretion will obviously entail some delay in the initial appearance of the arrestee before a magistrate to permit the district attorney to evaluate the evidence supporting the charge (*People* v. *King* (1969) 270 Cal.App.2d 817, 822 [76 Cal.Rptr. 145]; *People* v. *Lee* (1970) 3 Cal.App.3d 514, 522 [83 Cal.Rptr. 715]) and to complete the clerical and administrative tasks required to prepare a formal pleading. The permissible length of delay will vary, within the limits prescribed by law, according to the circumstances of each case. Matters bearing upon the permissible length of delay include the factual complexities of the case and the possibility that additional brief investigation might exonerate the arrestee and obviate the need for formal criminal proceedings. (See, e.g., *People* v. *Powell* (1967) 67 Cal.2d 32, 60 [59 Cal.Rptr. 817, 429 P.2d 137].) Delay may not be for the purpose of pursuing illegal investigatory practices (*id.,* at pp. 60-61); and in no case may delay exceed a reasonable time. (See § 825, requiring a defendant arrested on a warrant to be taken before a magistrate "without unnecessary delay, and

---

[3]We discern no distinction between the requirement that a complaint be "laid before" the magistrate (§ 849, subd. (a)) or that it be "filed" either "with the magistrate" (§ 806) or in his court (§ 859). Accordingly, we treat these phrases as synonymous.

in any event, within two days after his arrest, excluding Sundays and holidays; . . .")

When the complaint is filed, the defendant must be arraigned thereon before the court in which it is filed. (§§ 859, 976.) The court must set a time for preliminary examination within 10 days of arraignment if the defendant is in custody, but allowing at least two days for the parties to prepare therefor. (§ 859b.)

It can be seen that the defendant's initial appearance before the magistrate in conjunction with the filing of the complaint, as required by section 849, subdivision (a), is for the purpose of arraignment on the complaint. It is said that "The principle purposes of the requirement of prompt arraignment are to prevent secret police interrogation, to place the issue of probable cause for the arrest before a judicial officer, to provide the defendant with full advice as to his rights and an opportunity to have counsel appointed, and to enable him to apply for bail or for habeas corpus when necessary." *(People* v. *Powell, supra,* 67 Cal.2d at p. 60.) In fact, arraignment in the magistrate's court does trigger adversary proceedings in a forum which provides a defendant with an opportunity to defend against the charges. In those proceedings defendant is entitled among other rights to the assistance of counsel for his defense. If defendant is indigent, counsel will be provided at public expense. (§§ 859, 987.)

The procedure devised by the Legislature to secure a defendant's rights depends for its efficacy upon the proper exercise by the district attorney of his discretion in the charging process. That in turn depends upon efficient investigation by the arresting agency and adequate communication and cooperation with the district attorney. Obviously the normal difficulties encountered by law enforcement officials in the discharge of their respective obligations will be compounded in direct relationship to the number of magistrates whom they must serve and their dispersion from the administrative centers of law enforcement.

At the time of defendant's arrest, Placer County was divided into seven judicial districts each with its own justice court. (Placer County Code, § 2.850.) Defendant argues in effect that section 849, subdivision (a) requires arraignment of one arrested without warrant for felony in the justice court nearest the place of arrest. All other proceedings through the preliminary examination will ordinarily be conducted in the same court. (§§ 806, 859, 859b; see also § 1431.) To accommodate these

demands the district attorney would either have to augment his staff to provide full time personnel to cover these courts or arrange for the transportation of existing staff and their maintenance there as and when required. The sheriff would have to acquire and maintain security facilities at all seven locations to accommodate in-custody felony prisoners or provide for their transportation and maintenance there under secure conditions from existing jail facilities. For all practical purposes, court reporters would be needed at all seven locations as preliminary examinations were held. (See § 869.) The public defender, like the district attorney, would either have to provide additional deputies and administrative staff for these courts or expend additional resources to transport and maintain existing staff there when necessary. All of this would entail additional direct expenditures of public funds. Moreover, many hours of otherwise productive time of public employees would be condemned by the demands of an inefficient system. (See, e.g., *Koski* v. *James, supra,* 47 Cal.App.3d at pp. 357-358.)

There will undoubtedly be many judicial districts in which it is more impractical than not for law enforcement agencies and court officers to establish full time staff and facilities. Following the defendant's interpretation of section 849, subdivision (a), the officer who arrests a felon without a warrant in such a district must nonetheless take his charge before the judge of that district when, as in most cases, he would be the magistrate geographically nearest the point of arrest and presumably therefore the most accessible. (Conceivably a judge of an adjoining judicial district might be nearer the place of arrest than the judge of the district in which the arrest occurs, in which case the arrestee would have to be taken before the judge in the adjoining district.) The essential next step of preparing a complaint to be laid before that magistrate can be accomplished only by the district attorney. The district attorney's function is not to be discharged automatically but in the exercise of his discretion (see Gov. Code, § 26501; *People* v. *Adams* (1974) 43 Cal.App.3d 697, 707-708 [117 Cal.Rptr. 905]; *Ascherman* v. *Bales* (1969) 273 Cal.App.2d 707, 708 [78 Cal.Rptr. 445]). The proper exercise of such discretion cannot be accomplished in isolation from the facts of the case. Assuming the not unusual situation where the arresting officer has information essential to a proper evaluation of the case, he must in some way communicate it to the prosecutor. He must also cause other information about the case to be placed at the prosecutor's disposal. Separated from his administrative base, the arresting officer would find it difficult if not impossible to prepare and deliver written reports and may therefore have to resort to other less reliable means of

communication. All the while the arresting officer is relatively immobilized by the necessity to secure his prisoner without the benefit of a security facility. As a consequence, he may be unable to do further investigation which, if accomplished, might satisfy him that there were insufficient grounds for a criminal complaint, thus permitting him to release the arrestee. (§ 849, subd. (b)(1).)

What has been said is sufficient to illuminate some of the problems inherent in adopting the construction urged by the defendant. The description of these problems, while necessarily hypothetical, is neither apocryphal nor atypical of the administrative chaos which would ensue. Moreover, our hypothesis assumes an arrest during normal judicial hours on a regular judicial day. It does not address the virtual impossibility of literal compliance with section 849, subdivision (a), in the case of arrests in judicial districts without facilities to house prisoners made on nonjudicial days or when courts are not in session.

There are, of course, counties with more justice court districts than Placer County which are in some cases more remote from administrative centers of county government.[4] It requires no flight of imagination to project into a larger arena the perceived problems a smaller county will encounter in administering section 849 as construed by defendant, and to envision the increase in the magnitude of such difficulties.

■ Statutes should be interpreted so as to achieve a result that is reasonable and that comports with the apparent purpose and intent of the Legislature. (*County of Alameda* v. *Kuchel* (1948) 32 Cal.2d 193, 199 [195 P.2d 17].) "[W]here uncertainty exists, consideration should be given to the consequences that will flow from a particular interpretation [citations]; its apparent purpose will not be sacrificed to a literal construction [citations]; . . ." (*Ivens* v. *Simon* (1963) 212 Cal.App.2d 177, 181 [27 Cal.Rptr. 801].) A practical construction is preferred to one that is technical and is required when the latter would lead to mischief or absurdity. (See *Jersey Maid Milk Products Co.* v. *Brock* (1939) 13 Cal.2d 620, 648 [91 P.2d 577]; *City of El Monte* v. *City of Industry* (1961) 188 Cal.App.2d 774, 782 [10 Cal.Rptr. 802].)

■ As we have said, the purpose of prompt arraignment before a magistrate is to protect the rights of the arrestee. (*People* v. *Powell, supra,*

[1] For example, Fresno County has 14 justice court districts; San Bernardino 13; Kern 10; Mendocino 9; Siskiyou 8. (Rep. of Judicial Council of Cal., Appen. to Assem. J., May 29, 1975, pp. 5922-5925.)

67 Cal.2d at p. 60.) The purpose of giving the district attorney control over commencement of felony prosecutions before magistrates who are justice court judges (§ 806) is to prohibit abuses in the filing of such charges which would delay the handling of legitimate cases to the detriment of the administration of justice. (Stats. 1963, ch. 1712, § 3, pp. 3362-3363.) These purposes are not antagonistic; indeed, they are complementary. Prompt arraignment is a constitutional imperative (Cal. Const., art. I, § 14), the consistent realization of which requires an efficiently administered system of justice. The requirement that an arrestee "without unnecessary delay be taken before the nearest or most accessible magistrate" must be viewed in the light of administrative realities which, if ignored, will defeat the primary purpose of protecting the rights of the arrestee. So viewed it is apparent that the "nearest or most accessible magistrate" described in section 849, subdivision (a), is a magistrate in the county of trial before whom felony proceedings can be initiated consistent with full protection of the rights of the defendant, yet without gratuitously or unduly affecting the efficiency of the criminal justice system.

From the perspective of the individual defendant, his interests are as well served by prompt appearance before one magistrate as before another. Convenience to his prospective witnesses is not an overriding consideration since the place of arrest is not necessarily the place where witnesses with knowledge of the offense or possible defenses thereto might be found. Defendant's rights are fully protected by prompt arraignment before any magistrate in the county in which the case is triable. On the other hand, the People have a legitimate interest in the most efficient use of resources (see *Koski* v. *James, supra,* 47 Cal.App.3d at p. 357). Undoubtedly the latter is not a consideration which can be permitted to derogate from rights guaranteed to a defendant. Nonetheless, as we have demonstrated, the inefficient use of finite prosecutorial and law enforcement resources will tend to frustrate the full and consistent realization by felony arrestees of the rights which prompt arraignment is designed to secure, because opportunity for a considered exercise of prosecutorial discretion is denied and the system is consequently burdened with meritless cases. We therefore conclude that the choice of the proper magistrate within the county in which the case is triable before whom to proceed is an administrative choice for the prosecutor to determine. Prosecutorial authority to initiate felony prosecutions before magistrates of justice courts (§ 806) implies the authority initially to select the court in which to proceed.

■ We note that defendant was booked and jailed in a security facility located in the same building as the Tahoe Justice Court. The petition also alleges that the Placer County District Attorney had assigned a full time deputy to that court. We assume for present purposes that the judicial and administrative staffs and facilities at Tahoe City were adequate to accommodate the commencement and prosecution of the felony charge against defendant at that location. Nonetheless, the selection of the court in which to proceed involves an administrative determination reflecting the most efficient allocation of available resources. It is therefore a decision for the local authorities and not this court to make, so long as no rights guaranteed to a defendant are infringed in the process. Ordinarily the preferred location will be at an administrative center of local government equipped with adequate courtroom and security facilities and permanent staffs of prosecutors, defenders and supporting administrative personnel. We repeat, however, that the choice, in furtherance of administrative convenience, is for the prosecutor in the lawful exercise of his executive authority.[5]

Here, the record shows a proper regard for defendant's rights. Although his demand to be taken before a magistrate the day of his arrest was refused, that day (July 4) was a state holiday (Gov. Code, § 6700, subd. (f)). Nonjudicial days are not considered in determining the reasonableness of delay. (§ 825.) Early on the first judicial day following his arrest, defendant was taken before a magistrate who admitted him to bail. It appears that the date for defendant's arraignment was delayed only because he secured his release on bail, a matter about which he does not in any event complain.

The judgment is affirmed.

Paras, J., concurred.

---

[5] In any event, local government has the ultimate control over the choice of court through the power of the board of supervisors to divide the county into judicial districts "As public convenience requires" (Gov. Code, § 71040; see also Gov. Code, § 25351, giving the board of supervisors authority to construct or lease buildings to be used as jails).