PEOPLE ex rel. BEAMISH v. REYNOLDS, City Magistrate.

(Supreme Court, Special Term, Kings County. December, 1914.)

CRIMINAL LAW ☞235—PRELIMINARY EXAMINATION—RIGHT OF ACCUSED TO TESTIFY.

> Under Code Cr. Proc. § 393, providing that in the trial of all indictments and other proceedings against persons charged with crime, and in proceedings in the nature of criminal proceedings in any court and before any person acting judicially, the accused upon his request shall be a competent witness, but that his failure or refusal to testify shall create no presumption against him, relator, charged with assault, upon his examination before a city magistrate whose jurisdiction was limited to holding him for trial in another court, was entitled to be sworn and to testify in his own behalf, since the duties on a preliminary examination are not perfunctory, and call for the exercise of sound judgment, for the protection of the public and of the defendant's rights.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 488; Dec. Dig. ☞235.]

Habeas corpus by the People, on the relation of Edgar T. Beamish, against Louis H. Reynolds, City Magistrate, to obtain the release of one Pantilione. Case sent back to the magistrate for further examination, so that he might hear defendant's testimony and determine whether there was reasonable ground for holding him for trial.

Hector McGowan Curren, of Brooklyn, for relator.
James C. Cropsey, Dist. Atty., of Brooklyn (Harry G. Anderson, Asst. Dist. Atty., of Brooklyn, of counsel), for respondent.

KELLY, J. One Pantilione, charged with the crime of assault in the third degree, demanded an examination before the respondent city magistrate; and, the complainant and his witness having been examined and cross-examined, the defendant's counsel called him as a witness in his own behalf and asked that he be sworn. The magistrate refused to administer the oath, or to allow counsel to examine him, on the ground that, as his jurisdiction was limited to holding the prisoner for trial in another court, he was not entitled to be sworn and to testify in his own behalf at the preliminary examination. He held that the defendant might, if he so desired, make a statement in relation to the charge against him, as provided in section 196, Code of Criminal Procedure, but that he had no right to testify as a witness in his own behalf. The defendant, having been held for trial at the Special Sessions, obtained a writ of habeas corpus, claiming that he had been denied his statutory right to testify, and that his imprisonment is illegal. The district attorney, conceding that the practice followed by the respondent prevails in many of the Magistrates' Courts, agrees with the counsel for the defendant that the magistrate was in error in his ruling.

Prior to the enactment of chapter 678, Laws of 1869, entitled "An act in relation to evidence in criminal prosecutions, and in all proceedings in the nature of criminal proceedings," a defendant had no well-defined right to be heard as a witness in his behalf on a prosecution for crime. That statute provided:

"In the trial of all indictments, complaints and other proceedings against persons charged with the commission of crimes or offenses, and in all proceedings in the nature of criminal proceedings in any and all courts, and before any and all officers and persons acting judicially, the person so charged shall, at his own request, but not otherwise, be deemed a competent witness; but the neglect or refusal of any such person to testify shall not create any presumption against him."

This statute now appears in the Code of Criminal Procedure as section 393. In People v. Hinksman, 192 N. Y. 421, 85 N. E. 676, the Court of Appeals says:

"The law in this state governing the right of accused persons to testify in their own behalf is now contained in section 393 of the Code of Criminal Procedure, which provides that 'the defendant in all cases may testify as a witness in his own behalf, but his neglect or refusal * * * does not create any presumption against him.' This section of the Criminal Code is identical in scope and effect with the statute of 1869, which remained in force until 1886 [1881?], by which a person accused of crime was given the right to testify in his own behalf, and it will be observed that the privilege is conferred without limitation or qualification."

It is true that this section of the Criminal Code is found in title 7, relating to trials; but there can be no doubt that it applies to the examination as well. There is no good reason for holding the contrary; whereas, if a magistrate hears the defendant, who voluntarily submits himself for examination and cross-examination, it may well be that many cases now sent to the grand jury and the Special Sessions, necessitating rehearings and trials, with final discharge of the defendant, can be disposed of as well at the preliminary examination. While a

magistrate is not authorized to try and determine the issue of guilt or innocence, his duties on a preliminary examination are not perfunctory, and call for the exercise of sound judgment for the protection of the public interests and the defendant's rights. Under our law the defendant is not obliged to take the stand in his own defense, and the Legislature says that his failure to testify cannot be taken against him. Courts and prosecuting officers follow the legislative command, although not always certain that, despite the mandate of the Legislature, the failure of a defendant to testify may affect a trial jury. But surely, where a defendant at any state of the proceeding offers to take the stand and subject himself to examination and cross-examination, it appears to be opposed to our institutions that he should be denied the right to do so.

Therefore I think the magistrate was in error, but it does not follow that the defendant is entitled to discharge from imprisonment. The case should be sent back to the magistrate for further examination, so that he may hear the defendant's testimony, and then determine whether there is reasonable ground for holding him for trial.