[Civil No. 4026. Filed April 3, 1939.]

[88 Pac. (2d) 999.]

CECIL BEGAY, Petitioner, v. W. H. SAWTELLE, State Game Warden of the State of Arizona, Respondent.

Mr. F. E. Flynn, United States Attorney, and Mr. C. A. Edwards, his Assistant, for Petitioner.

Mr. Joe Conway, Attorney General, Mr. W. E. Polley, and Mr. Lin Orme, Jr., his Assistants, for Respondent.

LOCKWOOD, J.—Cecil Begay, hereinafter called petitioner, applied to this court for an original writ of *mandamus* against W. H. Sawtelle, as state game warden of the state of Arizona, hereinafter called respondent, asking that the latter be ordered to issue to him a resident general hunting and fishing license, under the provisions of chapter 44, Session Laws of 1935.

Petitioner alleged as grounds of action that he was a citizen of the United States and of the state of Arizona, and of the Indian race, being a member of the Navajo tribe, and a ward of the government of the United States, under the charge of an Indian agent, residing upon a government Indian reservation within the state of Arizona; that he was born in Arizona, was over the age of twenty-one years, and had continuously resided in the state for more than a year. On March 10, 1938, he made application to respondent for a resident general hunting and fishing license, tendering the fee of $3.50 provided by law for such license. The respondent, however, refused to issue the license for the reason that he was prohibited from doing so under section 2 of chapter 44, *supra*, which reads as follows:

"Indians Prohibited From Hunting Or Fishing. It shall be unlawful for any Indian, who is a ward of the federal government, to take any game or fish in this state when off the government reservation to which he has been assigned, and no license shall be sold to any such Indian."

Thereafter this proceeding was started.

Petitioner admits that he falls within the prohibition of section 2, *supra,* but contends that such section is unconstitutional in that it violates the Fourteenth Amendment to the Constitution of the United States, (U. S. C. A., and section 13 of article 2 of the Constitution of Arizona.)

Respondent demurred generally to the petition, contending that the section was a reasonable exercise of the police power, and the matter was submitted to this court upon the petition and the demurrer thereto.

The question involved is one of law, and is whether section 2, *supra,* violates the state and federal Constitutions in that it denies to petitioner the equal protection of the law, and refuses to him privileges granted on the same terms to other citizens.

Under the common law, the title to game animals and fish was held to be in the state for the use and benefit of its citizens, and the killing or taking and use of such game was subject to governmental control and regulation in the interest of the common good. These principles passed to America with the rest of the common law of England and, except as changed by statute or contrary to our customs or conditions, are the law of Arizona. Section 3043, Rev. Code 1928. The legislature of Arizona may, therefore, make such provision as it thinks proper for the preservation and conservation of the game animals and fish of the state, by regulating the taking or killing and use of any and all kinds of game in any part of the state, and during any period, and upon any reasonable terms, so long as such regulation does not deny due process of law and the equal protection of law guaranteed to all persons by the state and federal Constitutions. In so doing, the legislature may make classifications of persons in connection with the regu-

lations, but such classification must have some reasonable relation to the subject and purpose of regulation, and cannot be arbitrarily and unjustly discriminatory. *Harper* v. *Galloway,* 58 Fla. 255, 51 So. 226, 19 Ann. Cas. 235, 26 L. R. A. (N. S.) 794; 27 C. J., p. 946 et seq.

The question then is whether it is a reasonale regulation, in the interest of the preservation of game and fish, that members of the Indian race, who are wards of the federal government and residing upon federal reservations, should be refused the privilege of hunting and fishing under any circumstances outside of the limits of such reservation.

■ The allegations of the petition, which are of course admitted by the demurrer, show that the petitioner is a citizen of the United States and a resident of Arizona. *Porter* v. *Hall,* 34 Ariz. 308, 271 Pac. 411. Respondent, however, contends petitioner is under guardianship, being a ward of the federal government and subject to the rules and regulations of such government rather than to the laws of Arizona, and that under the decision in *Porter* v. *Hall, supra,* he is in a different class from any other citizens and residents, and, therefore, may be denied privileges granted to the latter.

■ It is, of course, true that a member of an Indian tribe who has not been emancipated by the federal government has certain privileges and disabilities not participated in by other citizens of the United States. He is a ward of the government and his property, while on the reservation, is not subject to state taxation, and his conduct on such reservation is not governed by the criminal law of the state but rather by that of the United States, and it is urged that these last two features differentiate him from other citizens of the United States who are also, by

reason of age or incapacity, under guardianship to such an extent that it is proper for the legislature to deny him privileges which are granted to such other wards. We did, indeed, hold in *Porter* v. *Hall, supra,* that members of the Indian race living on reservations were not qualified for suffrage in Arizona, but this was by virtue of a constitutional provision which withheld this right from all persons under guardianship, white or Indian. Article 7, sec. 2, Const. Ariz.

If our statute prohibited the issuance of hunting and fishing license to all persons under guardianship, regardless of their race or residence, there could be no claim of discrimination, for it is certainly a reasonable ground of classification. Persons who, in the eyes of the law, are not *sui juris* may well be considered by the legislature as unfit to be trusted with a privilege requiring mature judgment in many particulars. But such is not the situation in the present case. The denial is not to all persons under guardianship, but merely to members of a certain race who are under a special kind of guardianship. It is urged that Indians who are under guardianship are not subject to the general laws of the state, while whites in that status must obey the civil and criminal law, and it is reasonable that those who are not under obligation to the state may be excluded from privileges granted by that state. This is true so far as the acts of the Indian upon the reservation and his contracts in regard to his property thereon are concerned, but the Indian is responsible to the state courts, under our criminal law, for acts committed when he is off the reservation in the same manner as any other citizen. *Ex parte Tilden,* (D. C.) 218 Fed. 920; *Bem-Way-Bin-Ness* v. *Eshelby,* 87 Minn. 108, 91 N. W. 291; *Eshelby* v. *Watts,* 191 U. S. 564, 24 Sup. Ct. 846, 48 L. Ed. 304. His property, if he may have any which is not on the reser-

vation, is subject to the jurisdiction of the state courts in the same manner as that of other citizens under guardianship, and his contracts in regard to said property are subject to the same rules as the contracts of others who are not *sui juris*. *Webster* v. *Reid,* (Iowa) Morris 467; Id., 11 How. 437, 13 L. Ed. 761; *Bird* v. *Winyer,* 24 Wash. 269, 64 Pac. 178; 31 C. J. 483.

The hunting and fishing license for which petitioner has applied covers only acts committed off the reservation, and in his exercise of the rights granted by the license he will be subject to the same law, upon the same terms, as any other citizen. We think the only difference between petitioner and other citizens not *sui juris,* to wit: That he is of the Indian race and that while on the reservation he is not subject to the laws of the state in the same manner as other wards, is not a difference which in any manner can, or does, affect the successful operation of the game laws and their object, to wit: The protection and preservation of game.

We hold, therefore, that section 2, *supra,* is in violation of the Fourteenth Amendment to the Constitution of the United States (U. S. C. A.), in that it denies the equal protection of the law to those who come under its provisions, and to section 13 of article 2 of the Constitution of Arizona, in that it denies to one class of citizens of the United States privileges which are granted to other citizens on the same terms.

The alternative writ of *mandamus* is made peremptory.

ROSS, C. J., and McALISTER, J., concur.