[No. 33319.  Department One.  October 20, 1955.]

*In the Matter of the Application for a Writ of Habeas Corpus*
of JACK FRYE, *Petitioner,* v. LAWRENCE L. DELMORE,
JR., *as Superintendent of the State Peniten-*
*tiary, Respondent.*[1]

*Adolf D. Koch,* for petitioner.

*The Attorney General* and *Michael R. Alfieri, Assistant,*
for respondent.

DONWORTH, J.—On January 19, 1940, petitioner was (in
cause No. 148, Snohomish county) found guilty by a jury of
the crime of second degree burglary.  Judgment and sen-
tence has never been entered on this verdict.

[1]Reported in 288 P. (2d) 850.

On January 22, 1940, information was filed (in cause No. 248, Snohomish county) charging petitioner "with the crime of being an habitual criminal." Trial on this information resulted in a jury verdict finding petitioner "guilty of being an habitual criminal."

On May 25, 1940, judgment and sentence was signed by the court (in cause No. 248), reciting that petitioner "is guilty of the crime of being an habitual criminal" and sentencing him to confinement in the state penitentiary at hard labor for a maximum term of thirty years.

In the case of *Blake v. Mahoney*, 9 Wn. (2d) 110, 113 P. (2d) 1028 (decided subsequently to the proceedings referred to above), this court held that the charge of being an habitual criminal does not constitute an offense in itself, but merely provides an increased punishment for the last offense of which the person having the status of an habitual criminal has been convicted.

On April 22, 1955, petitioner filed, in this court, a petition for a writ of *habeas corpus*, seeking his release from confinement in the state penitentiary on the ground that he is being confined under a void judgment and sentence. Respondent admits that the judgment and sentence entered in cause No. 248 is void (see *In re Cress*, 13 Wn. (2d) 7, 123 P. (2d) 767), but contends that petitioner stands in the position of having been validly convicted of the felony of second degree burglary, and of the *status* of being an habitual criminal, and should, therefore, be remanded to the custody of the sheriff of Snohomish county, and by that officer be brought before the superior court in and for that county for the entry of a proper judgment and sentence in cause No. 148.

As above stated, petitioner was (in cause No. 248) charged with the *crime* of being an habitual criminal and was convicted of that charge. We find nothing in the record to substantiate respondent's contention that the petitioner has been convicted of having the *status* of being an habitual criminal. As was recognized in *State v. West*, 197 Wash. 595, 86 P. (2d) 192, the prosecuting attorney has the

power to elect to charge, or not to charge, an individual, falling within that category, with the status of an habitual criminal. No cases have been called to our attention in support of the proposition that one's *status* as an habitual criminal can be founded upon a conviction of the nonexistent *crime* of being an habitual criminal. Since a conviction of guilty of the *crime* of being an habitual criminal and the judgment and sentence had thereon are void, they must also be void for all purposes. See *In re Lombardi*, 13 Wn. (2d) 1, 123 P. (2d) 764; *In re Cress, supra*; *In re Towne*, 14 Wn. (2d) 633, 129 P. (2d) 230, and *State v. King*, 18 Wn. (2d) 747, 140 P. (2d) 283.

■■ It is our conclusion that petitioner stands now in the position of having been found guilty by a jury verdict of a felony (second degree burglary), and of having served more than fifteen years in the state penitentiary under a void judgment and sentence imposed because of his having been found guilty of the *crime* of being an habitual criminal. Since petitioner must be brought before the superior court of Snohomish county for further proceedings, the matter of his past confinement in the penitentiary warrants mention.

At the time of petitioner's conviction and sentence, the procedure there followed was the universal practice engaged in by the prosecuting attorneys in this state. If petitioner had been sentenced and imprisoned pursuant to a valid judgment and sentence, the time of imprisonment would have commenced to run from May 25, 1940, that being the date of the signing and entry of the judgment and sentence. RCW 9.95.060. *State v. Mehlhorn*, 195 Wash. 690, 82 P. (2d) 158. But, as has been previously pointed out, no judgment and sentence has been entered in cause No. 148, and that purported to have been entered in cause No. 248 is void. It appears, then, that there is no date commencing the period from which imprisonment time is computed under cause No. 148.

However, inasmuch as the petitioner has been imprisoned for a long period of time under a judgment and sentence which, prior to this court's decision in *Blake v.*

*Mahoney, supra* (June, 1941), was generally considered valid and proper, it would be unjust to deny petitioner proper credit for the time served as against the sentence to be henceforth entered in cause No. 148.

IT IS ORDERED That, promptly upon the filing of this opinion and order, the superintendent of the state penitentiary shall deliver the petitioner into the custody of the sheriff of Snohomish county, so that petitioner can forthwith be brought before the superior court in and for Snohomish county for the imposition of judgment and sentence in cause No. 148, Snohomish county;

IT IS FURTHER ORDERED That the prosecuting attorney of Snohomish county, within ten days after petitioner is placed in the custody of the sheriff of Snohomish county, may commence a proceeding in the superior court of that county for the purpose of establishing petitioner's status as an habitual criminal in connection with the conviction in cause No. 148; PROVIDED, however, if said proceeding is so commenced, it shall be diligently, and with dispatch, prosecuted to a final determination;

IT IS FURTHER ORDERED That, if said proceeding to establish petitioner's status as an habitual criminal is commenced within the time limit prescribed above, judgment and sentence in cause No. 148 shall be entered in accordance with the final determination of that proceeding; PROVIDED, however, that the complete and final determination of such proceeding must be had, and judgment and sentence in cause No. 148 pursuant thereto must be made and entered, within thirty days after the date on which the superintendent of the state penitentiary places petitioner in the custody of the sheriff of Snohomish county, unless delayed by acts of the petitioner.

IT IS FURTHER ORDERED That, if said proceeding to establish petitioner's status as an habitual criminal is not commenced within the time limit prescribed above, then judgment and sentence in cause No. 148 shall be made and entered within fifteen days after the date on which the super-

intendent of the state penitentiary places petitioner in the custody of the sheriff of Snohomish county.

It Is Further Ordered That whatever term of imprisonment is ordered pursuant to the judgment and sentence entered in cause No. 148, whether a proceeding to establish petitioner's status as an habitual criminal is had or not, shall be deemed to have commenced on May 25, 1940 (that being the date of the purported judgment and sentence entered in cause No. 248);

It Is Further Ordered That, in the event judgment and sentence in cause No. 148 be not entered in the manner and within the time limit herein provided, petitioner may make the sheriff of Snohomish county a party respondent to this proceeding in this court, and, upon three days' notice, move this court for final disposition of this application for a writ of *habeas corpus*;

It Is Further Ordered That the clerk of this court shall, under caption of this cause, make and certify four copies of this order, and mail one copy thereof to the county clerk of Snohomish county; one copy thereof to the prosecuting attorney of Snohomish county; one copy thereof to the sheriff of Snohomish county, and one copy thereof to the superintendent of the state penitentiary.

Hamley, C. J., Schwellenbach, Finley, and Mallery, JJ., concur.

November 22, 1955. Petition for rehearing denied.