407 P.2d 74

**The STATE of Arizona, Appellee,**

v.

**LeRoy SMITH, Appellant.**

**No. 1552.**

Supreme Court of Arizona.

In Division.

Oct. 28, 1965.

Rehearing Denied Nov. 23, 1965.

Darrell F. Smith, Atty. Gen., Norman E. Green, Pima County Atty., by Gordon T. Alley, Deputy County Atty., for appellee.

Philip S. Malinsky, Tucson, for appellant.

McFARLAND, Justice:

This is an appeal from the conviction and sentence of LeRoy Smith, hereinafter referred to as defendant, for the crime of passing a forged check in violation of A.R. S. § 13–421. Defendant was sentenced to a term of not less than ten nor more than eleven years in the Arizona state prison. From the conviction and sentence defendant appeals.

On the afternoon of March 24, 1964, defendant pulled into the Mexico Way Texaco station, located on the Nogales Highway going south out of the City of Tucson. Defendant asked that his pick-up truck be filled with gasoline. He stated that he had purchased $2.76 worth of gas the day before, but had not paid for it, as he did not have his checkbook at that time. He stated that he had his checkbook, and wanted to cash a $30 check and pay for his purchase of the preceding

day. The check was made payable to the order of "Cash," and drawn upon the account of Joseph L. Slama, Jr., in the Union Bank in Tucson. The station attendant, John H. Crowser, conferred with the station owner, Fred Schwanderlik, who told the attendant to accept the check. No identification was demanded, the check was cashed, and defendant was given cash, minus the amount due the station for gas. The station attendant immediately called the Union Bank to make sure that there were sufficient funds in the account upon which the check had been drawn. The bank informed Crowser that there were insufficient funds, whereupon the attendant proceeded to conduct a search for defendant. The attendant located defendant's pick-up in front of a Tucson bar approximately two and a half miles from the station. He entered the bar, and informed defendant that the check he had given was on an account without sufficient funds. Defendant walked out of the bar with Crowser, and told him that he had placed funds in the bank that very morning—that the matter had to be straightened out. Thereupon, defendant got into his pick-up and drove south in the direction of the gasoline station. The attendant followed in his car. Defendant, during the course of the return trip, eluded the attendant, and in fact never did return to the station. Several weeks later defendant was arrested on the charge of passing a forged check.

At the preliminary hearing, the state presented two witnesses—the attendant Crowser and Joseph L. Slama, Jr., whose name had been forged. Defendant was not represented by counsel, nor did he cross-examine the state's witnesses, nor did he present any testimony of his own. Defendant was bound over to the Superior Court. The record shows that he was represented by counsel during his arraignment, at his trial, and up to and including this appeal.

Defendant contends that the court erred in not appointing counsel to represent him at his preliminary hearing. We have held that failure to assign counsel prior to a preliminary examination is not error, unless a defendant's position is prejudiced thereby. The purpose of a preliminary hearing is to determine whether the evidence is sufficient to find probable cause to hold a person to answer for the offense charged. State v. Gortarez, 98 Ariz. 160 (No. 1440, June 10, 1965), 402 P.2d 992; State v. Schumacher, 97 Ariz. 354, 400 P.2d 584; and State v. Peats, 97 Ariz. 133, 397 P.2d 631.

The instant case shows no evidence wherein defendant's trial was prejudicially affected by the lack of counsel at his preliminary hearing. Therefore, this assignment of error is without merit.

Defendant assigns as error the denial of his motion to quash or strike that part of

the information alleging a prior conviction for petit theft, and imposing a sentence of ten to eleven years. He contends that this denial resulted in his receiving a greater sentence than he would have otherwise received under A.R.S. § 13–421. Section 13–1649 provides that in certain cases of prior conviction (including petit theft) punishment on a subsequent offense shall be as follows:

"1. If for an offense punishable for a first conviction by imprisonment for a term exceeding five years, by imprisonment in the state prison for not less than ten years."

The crime of forgery, for which defendant was convicted, is punishable by not less than one nor more than fourteen years. It was mandatory upon the court to sentence him for not less than ten years, while the court could have sentenced him to ten to eleven years without the prior conviction.

Defendant claims that the lack of counsel at the time he pled guilty in the justice court hearing on the petit theft charge was "critical," within the ruling set forth in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

Defendant in his misdemeanor conviction based on a plea of guilty did not perfect his appeal as provided for under A.R.S. § 22–371 et seq. The failure to appeal within the time prescribed constitutes a waiver to any objections one might have as to the manner in which he was convicted. State ex rel. Murphy v. Superior Court, 25 Ariz. 226, 215 P. 538.

It should be further noted that it is not the misdemeanor conviction which is the subject of this appeal, but, rather, the conviction and sentence for the crime of passing a forged check. In effect, defendant's assignment of error number two is a collateral attack on an issue which is now moot. The appeal from the justice court conviction is, therefore, clearly not properly before this court in the appeal in question.

In the instant case, defendant contends that a sentence of ten to eleven years was excessive, and that his case should be remanded to the lower court for resentencing. As we have pointed out, the sentence came within the provision of the statute. This court has repeatedly held that so long as the record shows no abuse of discretion by the trial court, and the sentence meted out is within the statutory limits as provided for under the conviction involved, we shall affirm the trial court. State v. Morris, 97 Ariz. 417, 401 P.2d 147; State v. Killian, 91 Ariz. 140, 370 P.2d 287.

LOCKWOOD, C. J., and BERNSTEIN, J., concur.