IN RE PETITION OF JACK EVANS.

No. 11030.

Decided November 5, 1965.

409 P.2d 456.

PER CURIAM:

Original proceeding.

Petition for writ of habeas corpus filed by Jack Evans, appearing pro se, who is presently confined in the Montana State Prison by virtue of a fifteen year sentence imposed by the District Court of Yellowstone County on August 27, 1962, following petitioner's plea of guilty to the crime of rape.

Petitioner contends that he was denied equal justice and protection of the law as guaranteed by the 14th Amendment to the Constitution of the United States. He calls attention to the three procedural systems for the prosecution of crime provided by the Constitution of the State of Montana in section 8 of Art. III, which read: "* * * All criminal actions in the

district court, except those on appeal, shall be prosecuted by information, [1] after examination and commitment by a magistrate, [2] or after leave granted by the court, or [3] shall be prosecuted by indictment without such examination or commitment, or without such leave of the court." (Bracketed numbers inserted to identify each procedural system.)

Petitioner contends that under these provisions the procedure [2] afforded him substantially less constitutional and statutory safeguards than had he been indicted by a grand jury [3] or afforded a preliminary hearing [1].

This same argument was made as to this constitutional provision being an infringement abridging the privileges and immunities of citizens of the United States as guaranteed by the 14th Amendment to the Constitution of the United States in State v. Brett, 16 Mont. 360, 368, 40 P. 873. In that case, after discussing various federal decisions, this court stated:

"Guided by the discussions and logical reasoning of such constitutional expounders as Justices Miller and Bradley, we are of the opinion that, by the clause under discussion, the framers of the constitution of the state formulated a somewhat new and presumably improved procedure in criminal cases, limited, but general in its application; always circumscribed in its operation by depending upon the sound approval of a court before its power may be legally invoked to charge a citizen with crime who has never had the opportunity of a hearing before a committing magistrate, or whose conduct has not been investigated by a grand jury. We are therefore unable to see how the proceeding authorized by the constitution in any way interfered with the administration of the regular course of law. Leave of court being necessary, the individual is not subjected to any arbitrary exercise of the powers of the state not restrained 'by the established principles of private right and distributive justice.' Leeper v. State of Texas, 139 U.S. 462, 11 Sup.Ct. 577, 35 L.Ed. 225; Caldwell v. State of Texas, 137 U.S. 692, 11 Sup. Ct. 224, 34 L.Ed. 816."

This still being our view we do not consider the various arguments made by petitioner to be meritorious.

The writ requested is denied and the proceeding is dismissed.