414 P.2d 742

**STATE of Arizona, Appellee,**

**v.**

**Donald CHAMBERS, Appellant.**

**No. 1519.**

Supreme Court of Arizona.

In Banc.

May 19, 1966.

Darrell F. Smith, Atty. Gen., and Paul G. Rosenblatt, Asst. Atty. Gen., for appellee.

Allan J. Rubin, Phoenix, for appellant.

UDALL, Justice.

The appellant herein, Donald Chambers, shall hereinafter be called the defendant. The facts in this case are as follows:

On December 16, 1963 a criminal complaint was filed charging defendant with the crime of burglary (first degree). On the same day a warrant of arrest was issued against defendant.

On December 30, 1963, the warrant of arrest was served, returned and filed. On the same day defendant was brought before the Justice of the Peace and was informed of the charge against him; of his right to

the aid of counsel and of his legal rights. Preliminary examination was set for the 20th day of January, 1964. Bond was fixed in the sum of $2,000. On January 3, 1964, defendant was released on bond.

On the 20th day of January, 1964, the day set for the preliminary examination, defendant was present, without counsel; the state was represented by an attorney and evidence was introduced by the state. Defendant offered no testimony and thereafter was held to answer as charged.

On February 17, 1964, an information was filed charging defendant with burglary (first degree) with a prior conviction.

On March 2, 1964, the date set for arraignment, the state was present, and defendant was present without counsel. An order was entered continuing the arraignment until the 3rd day of March, 1964. The arraignment date was continued several times thereafter, it appearing from the record that each time defendant would appear he would not be represented by counsel, and the court would continue the arraignment date.

On the 20th day of March, 1964, defendant was present and was represented by counsel. Appellant entered a plea of not guilty and the appropriate motions for the record. Trial was set for May 20, 1964.

On the 21st day of May, 1964, defendant with counsel present withdrew his former plea of not guilty and entered a plea of guilty to first degree burglary. Defendant also admitted the prior conviction.

On June 11, 1964, the time set for sentencing, the trial court with defendant's counsel present sentenced defendant to be imprisoned in the Arizona State Prison at Florence for a period of not less than twelve years nor more than fifteen years.

After defendant was bound over to the Superior Court and after the adjournments of the arraignment, on March 20, 1964, when defendant appeared with counsel, that counsel was privately retained.

The defendant appeals from his conviction and sentence on the basis that he was denied his constitutional right to the assistance of counsel at the time of the preliminary hearing, claiming the preliminary hearing was "a critical stage of the proceedings against him" and he had not competently or intelligently waived his constitutional right as set forth in the 6th Amendment of the U. S. Constitution as made applicable to the states by the 14th Amendment of the U. S. Constitution.

■  This Court has said in the past that the public policy of this state does not necessarily require that an accused be furnished the assistance of counsel prior to arraignment on an indictment or information. State v. Goff, 99 Ariz. 79, 407 P.2d 55 (1965); State v. Schumacher, 97 Ariz. 364, 400 P.2d 584 (1965).

In the present case the defendant raises the question of his constitutional rights under the 6th and 14th Amendments of the United States Constitution with regard to his not being represented by counsel at the preliminary hearing for the first time on appeal. There is no indication in the record that he raised the question in the Superior Court prior to his plea of not guilty, or to his plea of guilty when he was represented by counsel. Cf. State v. Cravin, 96 Ariz. 346, 395 P.2d 706 (1964).

Even though defendant did not raise this question prior to appeal, we have considered the merits and find that defendant was not deprived of due process of law by not having counsel at the preliminary hearing.

In State v. Smith, 99 Ariz. 106, 407 P.2d 74 (1965), where the defendant alleged error in the trial court by its failure to appoint counsel at his preliminary hearing, we stated:

"We have held that failure to assign counsel prior to a preliminary examination is not error, unless a defendant's position is prejudiced thereby. The purpose of a preliminary hearing is to determine whether the evidence is sufficient to find probable cause to hold a person to answer for the offense charged." 99 Ariz. at 108, 407 P.2d at 75.

See also, State v. Gortarez, 98 Ariz. 160, 402 P.2d 992; State v. Schumacher, supra; State v. Peats, 97 Ariz. 133, 397 P.2d 631; and State v. Graninger, 96 Ariz. 172, 393 P.2d 266.

The record in this case does not show any prejudice to defendant by his not being represented by counsel at the preliminary hearing. Defendant was informed of his constitutional rights and was not required to enter a plea at that hearing. Nothing which transpired at the preliminary hearing was introduced against the defendant at any trial, since he subsequently entered a plea of guilty to the offense. Not until after his arraignment, where he plead "not guilty," did he enter a plea of guilty to the offense for which he is now incarcerated.

In addition, defendant employed his own counsel at the time of his arraignment, and thus was not an indigent at that time. When he entered his plea of not guilty and subsequently changed his plea to guilty, his attorney was present. Defendant also was free on bail from shortly after his arrest until he was sentenced. These facts would indicate that defendant could have employed counsel, if he so desired, at any phase of the proceedings. His refusal to act under these circumstances did not impose a burden upon the state to furnish counsel for him.

It follows that the preliminary hearing in this case was not a critical stage in the proceedings; hence, the defendant was not

denied his constitutional right to the assistance of counsel in this case.

Judgment affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFARLAND, JJ., concurring.