[No. 38460.   Department One.   May 26, 1966.]

THE STATE OF WASHINGTON, *Appellant,* v. McCoy KANIS-
TANAUX *et al., Respondents.*\*

*Charles O. Carroll* and *David W. Soukup,* for appellant.

*Alva C. Long* and *August F. Hahn,* for respondents.

ROSELLINI, C. J.—The defendants were charged by in-
formation in superior court with the crime of manslaughter,
it being alleged that they caused the death of their 4-year-
old son by willfully omitting to furnish him with necessary
medical attendance.

The defendants moved for dismissal on the ground that
the information was defective, not having been found be-
fore a grand jury. In granting this motion, the trial court
held that the fifth and fourteenth amendments to the United

\*Reported in 414 P.2d 784.

States Constitution guarantee to a defendant charged with an infamous crime the right to be either indicted by a grand jury or given a preliminary hearing to determine probable cause. The state has appealed.

It is conceded by the state that manslaughter is an infamous crime, being a felony and punishable by confinement in the state penitentiary. However, the state calls our attention to the fact that the United States Supreme Court has held that the Fifth Amendment, insofar as it requires a grand jury in such cases, does not apply to the states. The leading case is *Hurtado v. California*, 110 U.S. 516, 28 L. Ed. 232, 4 Sup. Ct. 111, decided in 1884.

The trial court recognized that this case has not been overruled and has in fact been followed. Among the cases citing and applying its rule are *McNulty v. California*, 149 U.S. 645, 37 L. Ed. 882, 13 Sup. Ct. 959; *Hodgson v. Vermont*, 168 U.S. 262, 42 L. Ed. 461, 18 Sup. Ct. 80; *Bolln v. Nebraska*, 176 U.S. 83, 44 L. Ed. 382, 20 Sup. Ct. 287; *Maxwell v. Dow*, 176 U.S. 581, 44 L. Ed. 597, 20 Sup. Ct. 448; *Davis v. Burke*, 179 U.S. 399, 45 L. Ed. 249, 21 Sup. Ct. 210; *Dowdell v. United States*, 221 U.S. 325, 55 L. Ed. 753, 31 Sup. Ct. 590; *Lem Woon v. Oregon*, 229 U.S. 586, 57 L. Ed. 1340, 33 Sup. Ct. 783. In the last cited case, the United States Supreme Court held that the due process of law clause of the Fourteenth Amendment does not require the states to adopt the institution and procedure of a grand jury; nor does it require an examination, or the opportunity for one, prior to a formal accusation by the district attorney by information.

However, the trial court appears to have been of the opinion that the *Hurtado* decision, *supra*, was impliedly overruled in *Mapp v. Ohio*, 367 U.S. 643, 6 L. Ed. 2d 1081, 81 Sup. Ct. 1684; *Gideon v. Wainright*, 372 U.S. 335, 9 L. Ed. 2d 799, 83 Sup. Ct. 792; *Estes v. Texas*, 381 U.S. 532, 14 L. Ed. 2d 543, 85 Sup. Ct. 1628.

We cannot subscribe to this view. *Mapp v. Ohio, supra,* was concerned with the question whether evidence obtained through illegal search and seizure was admissible in a criminal trial in a state court. The court held that the due process clause of the Fourteenth Amendment required that

the Fourth and Fifth Amendment guarantees of privacy be applied to state action and further held that evidence obtained in violation of these provisions was inadmissible in a trial of the petitioner for illegal possession of the materials confiscated. *Hurtado v. California, supra,* was not mentioned, and the court did not hold that all of the provisions of the Fifth Amendment apply to the states.

Neither was there any mention of the *Hurtado* case, *supra,* in *Estes v. Texas, supra.* The court held there that due process forbade the televising of the defendant's trial on a charge of swindling.

In *Gideon v. Wainright, supra,* the United States Supreme Court held that the Sixth Amendment guarantee of the right to counsel, which is obligatory upon the states by virtue of the Fourteenth Amendment, requires that counsel be appointed for an indigent in noncapital as well as capital cases. In reaching this decision, the court cited *Powell v. Alabama,* 287 U.S. 45, 77 L. Ed. 158, 53 Sup. Ct. 55, which was decided in 1943, and which had held that the right to counsel is a fundamental right, inherent in due process, and, therefore, was applicable in a prosecution by a state under the due process clause of the Fourteenth Amendment.

The United States Supreme Court also noted in its opinion in *Gideon v. Wainright, supra,* that the court had previously held in *Powell v. Alabama, supra,* that the rationale of *Hurtado v. California, supra,* is inapplicable where the right involved is of such a character that it cannot be denied without violating those "fundamental principles of liberty and justice which lie at the base of all our civil and political institutions." The court in the *Powell* case, *supra,* had held that the right to counsel in a capital case is such a right and is, therefore, protected against state action.

The fifth amendment to the United States Constitution reads:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be

subject for the same offense to be twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

The court in the *Hurtado* case, *supra*, had held that a grand jury indictment was not a necessary element of due process, being historically intended as a protection against arbitrary and capricious prosecutions by the crown, rather than such prosecutions by the people (acting through their elected officials). The court had buttressed this conclusion with a resort to the canon of construction that a court may not assume, without clear reason to the contrary, that language in a formal and solemn instrument such as the constitution is superfluous. Thus, it said, if the grand jury indictment were a necessary part of "due process of law," it would not have been thought necessary to mention it apart from the due process clause.

This reasoning was rejected by the court in *Powell v. Alabama, supra,* as we have heretofore observed, insofar as it implied that no right separately stated in the "bill of rights" could be considered an element of due process. If *Hurtado v. California* stood alone, the court in *Powell v. Alabama, supra,* said, its sweeping language would require holding that the right to counsel was not a part of due process, but other cases in the intervening years had recognized that a right, although specifically set forth in the constitution, may, nevertheless, be included within the concept of due process and, therefore, be protected under the due process clause of the Fourteenth Amendment. These included *Chicago, Burlington & Quincy R.R. v. Chicago,* 166 U.S. 226, 41 L. Ed. 979, 17 Sup. Ct. 581 (private property not to be taken for public use without just compensation); *Gitlow v. New York,* 268 U.S. 652, 69 L. Ed. 1138, 45 Sup. Ct. 625; *Stromberg v. California,* 283 U.S. 359, 75 L. Ed. 1117, 51 Sup. Ct. 532; 73 A.L.R. 1484; *Near v. Minnesota ex rel. Olson,* 283 U.S. 697, 75 L. Ed. 1357, 51 Sup. Ct. 625 (the latter three concerned with freedom of speech and of the press).

It is significant here, however, that the court did not see fit to overrule *Hurtado v. California*, 110 U.S. 516, 28 L. Ed. 232, 4 Sup. Ct. 111, either in *Powell v. Alabama*, 287 U.S. 45, 77 L. Ed. 158, 53 Sup. Ct. 55, 84 A.L.R. 831, or in *Gideon v. Wainright*, 372 U.S. 335, 9 L. Ed. 2d 799, 83 Sup. Ct. 792. The fact that it rejected its reasoning as applied to fundamental rights, without overruling it, can only be consistent with a conclusion that the court had correctly held that due process does not require a grand jury indictment because the denial of it does not violate those "fundamental principles of liberty and justice which lie at the base of all our civil and political institutions."

The court in the *Hurtado* case, *supra*, considered at length those abuses of the king's prerogatives which had led the English lords to demand for their Magna Charta the protection embodied in the phrase, "but by the indictment or presentment of good and lawful men." It came to the conclusion that those abuses were not to be expected from a prosecutor, an elected representative of the people charged with the duty and responsibility of prosecuting only where probable cause is shown. Justice Harlan, dissenting, was of the opinion that the framers feared the prosecutor, just as their ancestors had feared the king, and that this provision was meant to protect against a very real danger of harsh and arbitrary action.

That case was decided in 1884. Eighty-two years later we are asked to anticipate that the United States Supreme Court would respond affirmatively to a request to overrule it. Yet the defendants do not suggest that the dissenter's fears of abuse have proven warranted. They do not contend that prosecutors are prone to abuse their discretion in filing charges, or even that there was no probable cause in this case. They merely urge that the possibility of abuse should be eliminated. Yet they do not deny that a grand jury investigation, as provided for in this state, would not assure that such a possibility would be eliminated, inasmuch as the prosecuting attorney, and he alone, is authorized and required to attend upon the jury, examine witnesses, and give it advice. RCW 10.28.070.

■ We conclude that the United States Supreme Court has neither expressly nor impliedly overruled *Hurtado v. California*, 110 U.S. 516, 28 L. Ed. 232, 4 Sup. Ct. 111, and the cases following it. Consequently, under the rule of those cases, and the rule set forth in our own cases of *State v. Westphal*, 62 Wn.2d 301, 382 P.2d 269; *In re Wilburn v. Cranor*, 40 Wn.2d 38, 240 P.2d 563; *In re Payne v. Smith*, 30 Wn.2d 646, 192 P.2d 964, the trial court erred in holding that the grand jury clause of the Fifth Amendment applies to this case.

The defendants maintain that they were entitled to a preliminary hearing, under Criminal Rule for Courts of Limited Jurisdiction 2.03 (e) (2), RCW vol. 0. Since these rules, by their terms, apply only to courts of limited jurisdiction, there is no merit in this contention.

■ Finally, the defendants urge that the equal protection clause of the fourteenth amendment of the United States Constitution dictates that a prosecutor may not be given the option of charging a defendant in justice court, where a preliminary hearing is available to him, or in superior court, where an information is all that is required to initiate the action. They maintain that *State v. Collins*, 55 Wn.2d 469, 348 P.2d 214, cannot be distinguished. In that case, this court stated that it would be a denial of equal protection to permit the prosecutor to elect whether to charge the defendant with manslaughter or negligent homicide, there being a difference in the degree of proof necessary under these charges. It should be obvious that applying different standards of proof to prosecutions for the same act would result in unequal treatment under the law. But it is well settled that every person charged with a crime need not be treated exactly the same as every other person charged with the same crime.

In the first place, the prosecutor may elect whether or not to prosecute. *State v. Reid*, 66 Wn.2d 243, 401 P.2d 988. The prosecutor may elect whether to ask for the death penalty in a first degree murder case. *White v. Rhay*, 64 Wn.2d 15, 390 P.2d 535. He has the power to elect to charge, or not to charge, an individual falling within that category

with the status of habitual criminal. *In re Frye v. Delmore,* 47 Wn.2d 605, 288 P.2d 850. The jury has discretion in imposing the death penalty in a capital case, and the trial court has discretion in imposing punishments in nearly all criminal cases. See *State v. Boggs,* 57 Wn.2d 484, 358 P.2d 124.

▪ The United States Supreme Court has said that the function of determining that probable cause exists for the arrest of a person accused is only quasi-judicial, and not such that, because of its nature, it must necessarily be confided to a strictly judicial officer or tribunal. *Ocampo v. United States,* 234 U.S. 91, 58 L. Ed. 1231, 34 Sup. Ct. 712. In that case the court sustained an act of the Philippine Commission which provided that an accused did not have a right to a preliminary hearing if the prosecutor, after due investigation, had presented an information against him.

That provision was essentially the same as the provisions of our statutes and rules, which provide for a preliminary hearing if complaint is made in justice court, but dispense with this procedure where the prosecutor determines after his own investigation that probable cause exists and files an information in superior court.

This election on his part does not determine where the case will be tried. If it is a case properly within the jurisdiction of the superior court, it will be tried there, regardless of whether it was initiated in the superior court or justice court.

The defendants do not suggest that the legislature is forbidden to prescribe different procedures for different courts, so long as they accord with the requirements of due process. And, as we have pointed out earlier, the United States Supreme Court has held that due process does not require a preliminary hearing.

▪ The defendants maintain that a preliminary hearing sometimes affords a defendant an opportunity to obtain information from the witnesses against him, which he would not otherwise be able to obtain. If this is so, it is fortuitous. It is not the purpose of the preliminary hearing to furnish a means of discovery for the defendant, but to ascertain whether probable cause for prosecution exists, where a com-

plaint is lodged with a magistrate. Whether a defendant in a criminal action has a right to obtain disclosure of the prosecution's evidence is a question not before us in the present posture of this case.

We do not find that the discretion given to the prosecutor to elect whether to make a determination of probable cause himself or to submit the question to a justice of the peace violates any rights of the defendants or denies to them equal protection of the laws.

The judgment of dismissal is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

HILL, OTT, HUNTER, and HALE, JJ., concur.