416 P.2d 997

**Michael J. BURKE, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, the Honorable Porter Murry, Presiding, Respondents.**

**No. 2 CA–CIV 217.**

Court of Appeals of Arizona.
July 21, 1966.

Rehearing Denied Sept. 14, 1966.

Dowdall & Harris, by Richard C. Harris, Tucson, for petitioner.

William J. Schafer, III, Pima County Atty., Norman E. Green, Former Pima County Atty., William J. Augustine, Deputy County Atty., Tucson, for respondents.

HATHAWAY, Judge.

Michael Burke has petitioned this court for a writ of prohibition, praying that the respondent court and the Honorable Porter Murry, a judge thereof, be prohibited from proceeding with the arraignment, trial setting and trial on an indictment returned by the grand jury, since he was denied a preliminary hearing.

On January 20, 1966 the grand jury of Pima County indicted Burke for aggravated assault. He moved the respondents (1) to order that a time and place be set for a preliminary hearing and (2) that the respondent judge cause to be transcribed all testimony given before the grand jury and order the same to be made available to petitioner and his counsel. On February 8, 1966 the motions were denied and an order to that effect was entered in the court's minutes.

■ The petitioner contends that the lower court exceeded its jurisdiction when it denied his request for a preliminary hearing and required him to proceed to plead to the charge. Although we have issued an alternative writ of prohibition, certiorari is the appropriate remedy for review of a lower tribunal's completed acts in excess of its jurisdiction. Nonetheless we will consider the matter as though brought by certiorari. State ex rel. Ronan v. Superior Court, 95 Ariz. 319, 321, 390 P.2d 109 (1964).

The petitioner contends that the refusal to grant him a preliminary hearing denied him equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution of the United States. He argues that despite statutory silence with regard to a preliminary hearing when one is accused by indictment, the existence of optional procedures of prosecution requires that a preliminary hearing be granted when timely requested, otherwise he would be denied equal protection of the laws.

Article 2, Section 30 Arizona Constitution, A.R.S. provides:

"No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment; no person shall be prosecuted for felony by information without having had a preliminary examination before a magistrate or having waived such preliminary examination."

Rule 78, Arizona Rules of Criminal Procedure, 17 A.R.S., provides:

"A. Every felony * * * shall be prosecuted by indictment or information."

Rule 79, Arizona Rules of Criminal Procedure, provides:

"No information may be filed against any person for any offense which may be punished by death or imprisonment in the state prison until such person has or waives a preliminary examination."

■ Thus we see that the Arizona Constitution and the Arizona Rules of Criminal Procedure require a preliminary examination, or waiver thereof, only in prosecution by information. A preliminary examination is not required in the absence of statute since such proceeding was unknown to the common law. State v. Spears, 76 Wyo. 82, 300 P.2d 551, 555 (1956). Petitioner contends, however, that the right to a preliminary hearing is a substantial right and is of substantial benefit to a person charged with crime, citing State v. Essman, 98 Ariz. 228, 403 P.2d 540 (1965). He concedes that if all persons charged with felonies by information were not entitled to preliminary hearings by law, then he would likewise not be entitled to one when charged by grand jury indictment. He argues that to have equal protection of the laws, he is entitled to a preliminary hearing, since a preliminary hearing is a substantial protection of the law for persons in like circumstances—those charged with the commission of a felony by information. The following statements in State v. Essman, supra, are relied on by petitioner as denotive of the significance of a preliminary hearing:

" 'Although the formal purpose of the preliminary examination is to establish probable cause to hold the defendant for trial, its principal purpose in practice is to afford defense counsel an opportunity to learn the nature of the prosecutor's case.' "

and:

" '* * * there must be a hearing in a substantial sense. And to give the substance of a hearing, *which is for the purpose of making determinations upon evidence,* the officer who makes the determinations must consider and appraise the evidence which justifies them. * * * (citations).' " (Emphasis supplied)

■ In *Essman,* our Supreme Court was confronted with the question of the propriety of a motion to quash an information for inadequacy of the preliminary hearing. In upholding the motion, the court noted

that "there must be a hearing in a substantial sense." We construe this to mean that the committing magistrate's determination of the question of probable cause must be made in accordance with prescribed rules of evidence. We believe the *Essman* decision does not exalt a preliminary hearing to a "substantial right," available to anyone prosecuted for a felony, as urged by the petitioner.

From the petitioner's reliance on the reference in *Essman* to the purpose of a preliminary hearing from a defense standpoint, he appears to stake his claim of denial of equal protection of the laws on the deprivation of "discovery" afforded by a preliminary hearing. Though frequently a useful source of information to a defendant, disclosure of the prosecution's case is not the purpose of a preliminary hearing. See United States v. Averett, 26 F.2d 676, 679 (1928); State v. Vines, 49 Wyo. 212, 54 P.2d 826 (1936); State v. Spears, supra; People v. Malloy, 199 Cal. App.2d 219, 18 Cal.Rptr. 545, 557 (1962); 22 C.J.S. Criminal Law § 332. Its legal purpose, as unequivocally reiterated by the Supreme Court of this state, is to determine whether the evidence is sufficient to find probable cause to hold a person to answer for the offense charged. State v. Smith, 99 Ariz. 106, 108, 407 P.2d 74 (1965); State ex rel. Corbin v. Superior Court, 100 Ariz. 236, 413 P.2d 264 (1966); State v. Chambers, 100 Ariz. 368, 414 P.2d 742 (1966). In State ex rel. Corbin, supra, the court stated:

"The object of a preliminary examination is to determine whether 'there is probable cause to believe the defendant guilty of the offense charged, * * *.' Rule 33, subsec. A, Ariz.Rules of Crim. Proc., 17 A.R.S. We have previously set forth the rules of evidence to be followed in making this determination. State v. Essman, 98 Ariz. 228, 403 P.2d 540. It is the duty of a magistrate to receive evidence and determine the question of probable cause in accordance with these rules of evidence." 413 P.2d at 268.

A preliminary hearing is not a trial. It is a protective procedure afforded an accused person, insuring that he will not be required to stand trial and be exposed to public opprobrium unless there is probable cause shown that he committed the alleged offense. It is designed to protect rights of accused persons and to prevent possible abuse of power. State v. Schumacher, 97 Ariz. 354, 356, 400 P.2d 584 (1965); State ex rel. Mahoney v. Stevens, 79 Ariz. 298, 288 P.2d 1077 (1955).

In this jurisdiction an accused is not entitled as a matter of right to pretrial discovery. State ex rel. Mahoney v. Superior Court, 78 Ariz. 74, 79, 275 P.2d 887 (1954); State ex rel. Corbin v. Superior Court, 99 Ariz. 382, 384, 409 P.2d 547 (1966). Concerning criminal pretrial discovery, Judge Learned Hand observed [1]:

"Under our criminal procedure the accused has every advantage. While the prosecution is held rigidly to the charge, he need not disclose the barest outline of his defense. He is immune from question or comment on his silence; he cannot be convicted when there is the least fair doubt in the minds of any one of the twelve. Why in addition he should in advance have the whole evidence against him to pick over at his leisure, and make his defense, fairly or foully, I have never been able to see. * * * Our dangers do not lie in too little tenderness to the accused. * * * What we need to fear is the archiac formalism and the watery sentiment that obstructs, delays, and defeats the prosecution of crime." 291 F. at 649.

We do not pass upon the question of whether the trial court has discretionary power to grant a preliminary hearing on motion by the defendant, after a regularly found indictment. Our considerations are

1. United States v. Garsson, 291 F. 646 (D.C., S.D.N.Y.1923).

confined to determining whether equal protection of the laws requires granting of such hearing after indictment as contended by the petitioner.

Of particular interest is an opinion handed down by the Supreme Court of Washington in the very recent case of State v. Kanistanaux, 414 P.2d 784 (Wash. 1966). In that case the defendant urged that he was denied equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution in that the prosecutor was given the option of charging a defendant in justice court, where a preliminary hearing was available, or in superior court, where an information was all that was necessary to initiate a criminal action. Speaking for the Washington court, Chief Justice Rosellini said:

" * * * it is well settled that every person charged with a crime need not be treated exactly the same as every other person charged with the same crime.

"In the first place, the prosecutor may elect whether or not to prosecute. State v. Reid, 66 Wash.Dec.2d 231, 401 P.2d 988. The prosecutor may elect whether to ask for the death penalty in a first degree murder case. White v. Rhay, 64 Wash.2d 15, 390 P.2d 535. He has the power to elect to charge, or not to charge, an individual falling within that category with the status of habitual criminal. In re Frye v. Delmore, 47 Wash.2d 605, 288 P.2d 850. The jury has discretion in imposing the death penalty in a capital case, and the trial court has discretion in imposing punishments in nearly all criminal cases. See State v. Boggs, 57 Wash. 2d 484, 358 P.2d 124.

"The United States Supreme Court has said that the function of determining that probable cause exists for the arrest of a person accused is only quasi-judicial, and not such that, because of its nature, it must necessarily be confided to a strictly judicial officer or tribunal. Ocampo v. United States, 234 U.S. 91, 34 S.Ct. 712, 58 L.Ed. 1231. In that case the court sustained an act of the Philippine Commission which provided that an accused did not have a right to a preliminary hearing if the prosecutor, after due investigation, had presented an information against him.

"That provision was essentially the same as the provisions of our statutes and rules, which provide for a preliminary hearing if complaint is made in justice court, but dispense with this procedure where the prosecutor determines after his own investigation that probable cause exists and files an information in superior court.

"This election on his part does not determine where the case will be tried. If it is a case properly within the jurisdiction of the superior court, it will be tried there, regardless of whether it was initiated in the superior court or justice court.

\*    \*    \*    \*    \*    \*   .

"The defendants maintain that a preliminary hearing sometimes affords a defendant an opportunity to obtain information from the witnesses against him, which he would not otherwise be able to obtain. If this is so, it is fortuitous. It is not the purpose of the preliminary hearing to furnish a means of discovery for the defendant, but to ascertain whether probable cause for prosecution exists * * *." 414 P.2d at 788 and 789.

The situation considered by the Washington court is analogous to the problem before us.[2] We believe that the reasoning of the court was sound and hold that the petitioner was not denied equal protection of the laws by the refusal to grant him a preliminary hearing.

2. See also: In re Evans' Petition, 409 P.2d 456 (Mont.1965), where the Supreme Court of Montana held that prosecution by information without a preliminary hearing, with the court's permission, was not violative of the equal protection clause of the federal constitution.

Finding no jurisdictional defect in the lower court's action and treating these proceedings as in certiorari, the writ is denied.

KRUCKER, C. J., concurring.

MOLLOY, Judge (specially concurring).

I concur in the result reached and in general with the reasoning of the foregoing opinion. I am not, however, able to reconcile the result reached with the decision of State v. Essman, 98 Ariz. 228, 403 P.2d 540 (1965). *Essman* holds that a conviction in a criminal action, after a regularly and properly conducted jury trial, must be reversed because of the refusal of the magistrate conducting the preliminary hearing to permit the defendant to call witnesses, " * * * including police officers who saw appellant on the night of his wife's death and whose testimony on cross examination might support the defense theory that the charge should be one other than murder." (98 Ariz. at 231, 403 P.2d at 542.) If there were any other witnesses offered at the preliminary hearing, the *Essman* opinion does not indicate who they might have been nor the nature of their testimony. Presumably, the reversal is predicated upon the refusal of the justice of the peace to listen to the testimony of police officers called by the accused, without any offer of proof being made as to the nature of their testimony.

In supporting its conclusion that reversible error had been committed, the court quotes from Miller and Remington, Procedures Before Trial, 339 Annals of the American Academy of Political and Social Science 111, 122:

" ' Although the formal purpose of the preliminary examination is to establish probable cause to hold the defendant for trial, its principal purpose in practice is to afford defense counsel an opportunity to learn the nature of the prosecutor's case. Experienced defense counsel will, therefore, typically request a preliminary examination even though they are certain the prosecution will establish probable cause to hold the defendant for trial.' "

98 Ariz. at 232, 403 P.2d at 542.

Also to support its ruling, our court cites State ex rel. Hanagan v. Armijo, 72 N.M. 50, 380 P.2d 196 (1963). In this decision, the Supreme Court of New Mexico holds that an accused at a preliminary hearing may subpoena and call up for examination " * * * state's witnesses * * * " (380 P.2d at 197.) The court states:

"After all, a defendant may not be denied the right to explain before a magistrate, if he so desires (People ex rel. Beamish v. Reynolds, Sup., 1914, 32 N.Y. Cr.R. 323, 155 N.Y.S. 121), and certainly he has the right to call *whatever witnesses he wishes* to perform the same purpose." (Emphasis added)
380 P.2d at 199.

The holding and reasoning of *Essman*, considered together with our constitutional admonition against reversal for non-prejudicial error, Ariz.Const. Art. 6, § 27, indicate that there is a substantial right of pretrial discovery guaranteed in this state to a defendant charged with a felony by information.

If this is so, then the writer would believe it to be a violation of the equal protection clauses of both the state and the federal constitutions to deny a preliminary hearing to a person selected for prosecution by indictment. Years of trial practice have indicated to the writer that discovery is of the essence of successful advocacy. In civil actions, the outcome of trial is often determined by the thoroughness of pretrial discovery procedures. The writer has no reason to believe that a similar effect would *not* prevail in a criminal action.

There is no rule or statute which sets any standard for the county attorney to follow in determining which cases should be prosecuted by information and those which he may choose to lay before a grand jury. There is no showing in the subject action why this particular defendant was singled

out for grand jury indictment. Our Supreme Court has said that the purpose of the constitutional protection under consideration is to secure equality to all persons similarly situated and that legislative power is proscribed from making distinctions in rights between individuals unless there is a reasonable ground for classification. Valley National Bank of Phoenix v. Glover, 62 Ariz. 538, 159 P.2d 292 (1945); Schrey v. Allison Steel Mfg. Co., 75 Ariz. 282, 255 P.2d 604 (1953); Southwest Engineering Co. v. Ernst, 79 Ariz. 403, 291 P.2d 764 (1955); Begay v. Sawtelle, 53 Ariz. 304, 88 P.2d 999 (1939).

As to so substantial a right as that of full discovery at a preliminary hearing, the writer would conceive it to be beyond the power of the legislature, and of our Supreme Court by rules of criminal procedure, to vest the absolute discretion in the county attorney to determine whether an accused will or will not have such a right.

A related problem was presented to the Florida Supreme Court in the case of Mitchell v. State, 157 Fla. 121, 25 So.2d 73 (1946). The Florida legislature had provided a two year statute of limitation for all offenses, whether prosecuted by indictment or information, except offenses punishable by death, as to which there was no statute of limitation. The legislature had further provided that if the prosecution was by an indictment charging an offense punishable by death, the conviction for a lesser included offense could be had, even though the offense was committed more than two years prior to the indictment. Thus, under the statute, conviction of a lesser included homicide could result from a first degree murder charge when prosecuted by indictment, but the lesser included offense would be barred if the prosecution was by information. The court held that the legislation overstepped constitutional bounds and that the lesser included offense was barred regardless of whether prosecution was by indictment or information, saying:

"It is within the power of the legislature to fix the time in which prosecution for any offense may be commenced. It is not competent, however, for the legislature to fix the time within which a prosecution may be commenced if the prosecution is commenced by indictment and a different time if the prosecution be commenced by information. To hold otherwise would be tantamount to allowing the prosecuting officer to determine whether or not the statute of limitations should or should not be applicable." 25 So.2d at 75.

The writer would believe this law to be applicable if there is the broad right of discovery as indicated by the *Essman* decision. I concur in the opinion of the majority only because I am convinced that the *Essman* decision is not in accord with subsequent pronouncements of our Supreme Court, such as those contained in State v. Smith, 99 Ariz. 106, 407 P.2d 74 (1965), and State v. Chambers, 100 Ariz. 368, 414 P.2d 742 (1966). These decisions hold that a defendant is not prejudiced by failure to assign counsel to represent an indigent accused at a preliminary hearing. These later decisions are premised upon the recognition that a preliminary hearing has a very limited function. If there is a right of discovery at a preliminary hearing, such holdings are, in my view, indefensible under equal protection provisions and due process clauses. The Supreme Court of the United States has expressed itself as being most adamant that the outcome of criminal trials should not depend to any substantial degree upon the financial status of the accused. Douglas v. People of the State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Eskridge v. Washington State Bd. of Prison Terms and Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

The use of a preliminary hearing for discovery purposes, if this be a right of the accused, can only be exploited properly by professional counsel, with rare exceptions. And if we are to grant this right only to defendants able to employ their own coun-

sel, certainly the spirit of the above cited decisions of the Supreme Court of the United States is being violated in our state.

Even without *Essman*, that is, even if the extent of discovery permitted an accused at a preliminary hearing held in this state be limited to the rebutting and cross-examination of evidence of probable cause put on by the state, there is a serious question of " * * * invidious discrimination"[1] between those able to employ counsel and those not, for, regardless of the limitations placed by the magistrate upon efforts of the accused to use the preliminary hearing as a discovery device, a substantially greater degree of disclosure of the state's case will necessarily result than that ordinarily occurring when the indictment route is followed.

However, there is at least difference in degree if not in kind between permitting discovery as an accidental concomitant of a judicial or administrative process, and the granting of a *right* to discovery, which, if frustrated, will invalidate the entire proceeding. At a time when the opportunities of the state for discovery are so closely limited, rather than adding to the pretrial discovery devices of the defense, I am swayed in the direction of considering this difference to be one of substance and of returning to the basic purpose of a preliminary hearing as expressed by our Supreme Court in State ex rel. Corbin v. Superior Court, 100 Ariz. 236, 413 P.2d 264 (1966), and as expounded in the Washington decision relied upon in the principal opinion, State v. Kanistanaux, 414 P.2d 784 (Wash. 1966).

However, if *Essman* correctly reflects the state of our law, and subsequent decisions have not expressly overruled it, then the result reached here runs too much counter to fundamentals of equal protection to long survive. Without *Essman*, the result reached today remains in great jeopardy because of the current trends in our criminal law.

---

[1]. Quote from Griffin v. People of the State of Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956).