**210**

424 P.2d 858

Charles J. CARTER, Appellant,

v.

STATE of Arizona ex rel. Frank A. EYMAN,
Warden, Arizona State Prison, Appellee.

No. 2 CA–CIV 350.

Court of Appeals of Arizona.

Division 2.

March 8, 1967.

Rehearing Denied March 22, 1967.

Review Denied May 3, 1967.

Charles J. Carter, in pro. per.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., Phoenix, for appellee.

KRUCKER, Judge.

This is an appeal from an order of the Superior Court of Pinal County, denying a writ of habeas corpus, on October 28, 1966; and from an order denying a rehearing entered on November 7, 1966.

The appellant was indicted by the Maricopa County grand jury on July 11, 1963, had a jury trial, and was convicted of burglary, second degree, two counts; burglary, first degree, two counts; and grand theft, four counts. Appeal was taken to the Arizona Court of Appeals, Division I, and the conviction was affirmed. State v. Carter, 1 Ariz.App. 57, 399 P.2d 191 (1965).

This appellant has instigated in this Court eight separate cases based on the subject conviction. In the instant appeal, appellant now alleges: that a criminal complaint was filed in the Justice Court and a preliminary hearing set and continued; that the preliminary hearing was pending when the appellant here was indicted by the Maricopa County grand jury; that subsequent to the indictment by the grand jury the criminal complaint filed in the Justice Court was dismissed.

The question raised in this appeal is whether the Maricopa County Superior Court was deprived of jurisdiction when a criminal complaint was filed and later dismissed after a grand jury indictment was returned, based on the same charges. We must answer this in the negative. Dismissal of the criminal complaint does not bar subsequent prosecution for the same offenses. State v. Byrd, 94 Ariz. 139, 382 P.2d 555 (1963). Article 2, § 30 of the Arizona Constitution, A.R.S. provides that prosecution may be by indictment or information and the cases holding that prosecution may be by either method are numerous. State v. McClendon, 101 Ariz. 285, 419 P.2d 69 (1966); Burke v. Superior Court, 3 Ariz.App. 576, 416 P.2d 997 (1966).

We find no error in denying the application for writ of habeas corpus and the judgment of the Superior Court of Pinal County is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.