[No. 36762. Department Two. June 6, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. MARTIN ROBERT WESTPHAL, *Appellant*.[*]

*Lyon, Kohls & Beaulaurier*, by *V. J. Beaulaurier*, for appellant.

*Lincoln E. Shropshire* and *Walter B. Dauber*, for respondent.

[*] Reported in 382 P. (2d) 269.

WEAVER, J.—A jury having found defendant guilty of second degree burglary, he appeals from a judgment and sentence of not more than 15 years in the penitentiary.

First, defendant urges that he was charged by information rather than by an indictment by a grand jury which, he claims, contravenes his constitutional rights as provided by the fifth amendment to the Constitution of the United States.

■ A defendant may be charged in the state of Washington either by indictment by a grand jury or by an information filed by the prosecuting attorney. Washington Constitution Art. 1, § 25; RCW 10.37.015; RCW 10.37.026; *In re Wilburn v. Cranor*, 40 Wn. (2d) 38, 240 P. (2d) 563 (1952), and authorities cited; *In re Payne v. Smith*, 30 Wn. (2d) 646, 192 P. (2d) 964 (1948), and authorities cited; *State v. Nordstrom*, 7 Wash. 506, 35 Pac. 382 (1893).

■ Second, defendant contends the court erred when it submitted issues of fact to a jury selected prior to arraignment on the information charging the crime for which the jury was empaneled to try him.

The record discloses the following: the jury panel was sworn on voir dire and 12 prospective jurors drawn. Defendant was then arraigned in chambers out of hearing of the jury. Thereafter a jury was duly empaneled and sworn.

The amended information is the same as the original except for the deletion of the words "doing business as retail hardware store." No objection was made by defendant to the procedure.

The rationale of our decision in *State v. Lane*, 37 Wn. (2d) 145, 222 P. (2d) 394 (1950) is dispositive of defendant's contention; therein this court held that the fact that an accused was not arraigned upon an amended information until *after* the jury had been empaneled and sworn was not prejudicial error, where there was no claim of surprise or request for a continuance. In the instant case, the jury was actually empaneled and sworn after arraignment.

Third. Shortly after midnight on April 14, 1962, the Yakima police found defendant and his son hiding behind some building materials on the second floor of the Yakima

Hardware Company. Entry to the building had been gained through a broken window.

Defendant's next two assignments of error challenge the sufficiency of the evidence to sustain the verdict and the propriety of the court's instruction No. 5.

RCW 9.19.030 provides:

"Every person who shall unlawfully break and enter or unlawfully enter any building or structure enumerated in RCW 9.19.010 and 9.19.020 shall be deemed to have broken and entered or entered the same with intent to commit a crime therein, unless such unlawful breaking and entering or unlawful entry shall be explained by testimony *satisfactory* to the jury to have been made without criminal intent." (Italics ours.)

Instruction No. 5 is based upon and is consistent with the statute.

Defendant testified in his own defense. He testified that he did not intend to commit a burglary; that the purpose of the escapade was to teach his son a lesson.

Defendant's son testified for the prosecution.[1] He said that he "broke the glass" in order for him and his father to enter the building. On cross-examination, he testified as follows:

"Q. Bob, had your father ever explained to you what the purpose of your going to the Yakima Hardware building was to be? A. We were going to get a few tools or something, I think. Q. And was that the only thing that your father told you about that trip? A. Yes."

Thus it became a question for the jury to determine whether defendant had explained by satisfactory testimony that his entry had been made without criminal intent. Inherent in the jury's verdict is the conclusion that it believed the son and not the father.

We find instruction No. 5 proper, and the evidence sufficient to support the verdict.

Fourth. The court admitted in evidence a flashlight found at the place defendant was hiding. The light was identified

---

[1]Although the record before us is silent, counsel in oral argument in this court stated that the son had pleaded guilty prior to trial.

by an employee of the store as a *type* of light sold by the store and on display "near the door that we opened for the police that night." The light was relevant to the issue involved. Its admission in evidence was not error.

Finally, defendant argues that the court lost jurisdiction over him because of the delay in sentencing him after entry of the jury verdict. We do not agree.

The jury returned its verdict May 10, 1962. The next day a supplemental information was filed accusing defendant of being an habitual criminal. May 22, 1962, defendant pleaded not guilty to the supplemental information. The case was set for trial. September 21, 1962, the supplemental information was dismissed for reasons not appearing in the record before us. September 26, 1962, defendant was sentenced on the original charge of burglary.

The procedure was not irregular; the trial court did not lose jurisdiction. See *State v. King*, 18 Wn. (2d) 747, 140 P. (2d) 283 (1943); *In re Towne*, 14 Wn. (2d) 633, 639, 129 P. (2d) 230 (1942); *State ex rel. Edelstein v. Huneke*, 138 Wash. 495, 498, 244 Pac. 721 (1926).

The judgment is affirmed.

OTT, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.