**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 57751-8-II |
| MICHAEL LINDBURG MCLEOD, | UNPUBLISHED OPINION |
| Petitioner. | |

PRICE, J. — In this personal restraint petition (PRP), Michael McLeod seeks relief from restraint following his guilty plea to attempted first degree rape, first degree burglary, and second degree theft. McLeod argues that the superior court improperly imposed an indeterminate sentence with a maximum of life for the attempted first degree rape count, the State improperly charged him by information without a grand jury indictment, the superior court imposed excessive bail, and he received ineffective assistance of counsel. We deny McLeod's PRP.

FACTS

On January 27, 2021, the State charged McLeod with first degree rape, first degree burglary, and first degree kidnapping. At McLeod's arraignment, the State requested financial release conditions in the amount of $500,000 because McLeod had been convicted of second degree assault and attempted third degree rape less than a year before the current charges. The superior court agreed and set a financial condition in the amount of $500,000.

At a later bail hearing, McLeod requested that the financial condition be reduced to $75,000. McLeod argued that if he could make bail, he had a place to live with family and would probably be able to get a job. McLeod also argued that $500,000 bail was "tantamount to being

held without bail." Verbatim Rep. of Proc. (VRP) (Mar. 22, 2021) at 6. The superior court determined that $500,000 was a reasonable financial condition.

In August 2021, the State filed an amended information charging two counts of first degree rape, first degree burglary, and first degree kidnapping. All of the charges also included allegations of aggravating circumstances.

There were multiple continuances in the case. In February 2021 and April 2021, the case was continued in order for the State to obtain lab results and engage in continuing discovery. Both continuances were by agreement. In August 2021, an agreed continuance was granted for additional discovery and witness unavailability. In October 2021, January 2022, March 2022, and April 2022, continuances were granted because plea offers had been made and witness interviews had not been completed. At the March 2022 hearing, defense counsel noted that witness interviews had not been conducted in order to keep plea offers open.

In September 2021, the superior court held a hearing on a motion by McLeod to appoint new defense counsel. At the hearing, the following exchange took place:

> THE DEFENDANT: I really don't trust [defense counsel] to fully represent me to the best of her ability. I've been here since—eight months, and we really have, really, no communication at all. The communication that we have had, it just seemed like she had an attitude toward me or a dislike for some reason.
>
> THE COURT: Do you understand that [defense counsel] is a very, very experienced attorney with [Department of Assigned Counsel (DAC)]? She enjoys a very good reputation with the court. She's a highly skilled and experienced attorney.
>
> THE DEFENDANT: Okay. I don't deny you that, but I'm just—in my relationship with her, it seemed like the case—I don't know if she's taking it personal somehow because of the nature of the crime or whatever, the victim being a female and me being a male; I'm not sure. I just know—I always feel like this last time meeting, like, maybe a week or two ago, it was in another room just outside the court—

outside of the courtroom and trying to talk, and she came and presented me the offer that the prosecutor had made, which I didn't turn down, and in the midst of trying to talk to her, she blamed this (inaudible), anything I was—

THE COURT: I don't want to get into anything that you and your attorney have talked about with regard to this particular case. Okay?

THE DEFENDANT: She—well, she got up and walked out on me while I was trying to discuss my case with her. She turned her back on me, so—

THE COURT: All right.

THE DEFENDANT: —that doesn't lead me to feel safe for proceeding any further.

VRP (Sept. 14, 2021) at 6-7. Defense counsel informed the superior court that she could continue to represent McLeod. The superior court noted that when a defendant has appointed counsel, they do not have the right to choose counsel and that defense counsel was highly experienced and highly regarded. The superior court denied McLeod's motion to appoint new counsel.

In June 2022, as part of a plea agreement, the State filed a second amended information charging McLeod with attempted first degree rape, first degree burglary, and second degree theft.[1] At the hearing on McLeod's change of plea, defense counsel informed the superior court that she had discussed both the original and amended information, the constitutional rights being waived as a result of a guilty plea, his standard sentencing range, and the agreed sentencing recommendation for an indeterminate sentence. Defense counsel represented that she believed the plea was knowing, voluntary, and intelligent. The superior court also engaged in an extensive colloquy with McLeod regarding the guilty plea. The superior court found that McLeod's plea was being made knowingly, voluntarily, and intelligently and accepted his guilty plea.

---

[1] As to the charge of second degree theft, McLeod entered a plea to a crime he did not commit consistent with *In re Pers. Restraint of Barr*, 102 Wn.2d 265, 684 P.2d 712 (1984).

At sentencing, the State noted,

> I think that at the risk of sounding pedantic, [defense counsel] did a really good job for her client because this was a case I was kind of daring them to try. I say that because I don't feel like this was something where I had to give away a lot because of the proof issues; I think this is a fair resolution.

VRP (July 22, 2022) at 6. The State then requested the agreed recommendation of an indeterminate sentence with a minimum term of 132 months and a maximum term of life. McLeod addressed the superior court, stating that he wanted to apologize to the victim and admitted there was no excuse for his behavior.

The superior court imposed the recommended sentence of 132 months' confinement to life on the attempted first degree rape, 54 months' confinement on the first degree burglary, and 60 days' confinement on the second degree theft. McLeod's judgment and sentence was entered on July 22, 2022.

ANALYSIS

McLeod raises four grounds for relief. He claims that the superior court improperly imposed an indeterminate sentence with a maximum of life, the State improperly charged him by information rather than indictment, the superior court imposed excessive bail, and he received ineffective assistance of counsel. We deny McLeod's PRP.[2]

---

[2] McLeod's PRP was timely filed. RCW 10.73.090(1) requires that a petition be filed within one year of the date that the petitioner's judgment and sentence becomes final. McLeod's judgment and sentence became final on July 22, 2022, when it was entered. RCW 10.73.090(3)(a). McLeod filed this petition in December 2022, within the one year time limit.

I. LEGAL PRINCIPLES

To obtain relief in a personal restraint petition, a petitioner must demonstrate either a constitutional error resulting in actual and substantial prejudice or a nonconstitutional error that is a fundamental defect resulting in a complete miscarriage of justice. *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016). To meet their burden in a personal restraint petition, the petitioner must state with particularity facts that, if proven, would entitle the petitioner to relief. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992). Bald assertions and conclusory allegations are not sufficient. *Id*. Arguments made only in broad, general terms are also insufficient. *In re Pers. Restraint of Rhem*, 188 Wn.2d 321, 327-28, 394 P.3d 367 (2017).

II. INDETERMINATE SENTENCE

McLeod argues that the superior court improperly imposed an indeterminate sentence with a maximum term of life because the term "statutory maximum" should be interpreted to mean the high end of the standard sentencing range. We disagree.

Under RCW 9.94A.507, an offender convicted of attempted first degree rape must be sentenced to an indeterminate sentence with a minimum and maximum term. RCW 9.94A.507(1)(a)(iii), (3)(a). "The maximum term shall consist of the statutory maximum sentence for the offense." RCW 9.94A.507(3)(b). Attempted first degree rape is a class A felony. RCW 9A.28.020(3)(a); RCW 9A.44.040(2). The maximum sentence for a class A felony is life imprisonment. RCW 9A.20.021(1)(a).

Here, the superior court imposed a sentence consistent with RCW 9.94A.507 by imposing a minimum term of 132 months and a maximum term of life imprisonment. Nevertheless, McLeod argues that statutory maximum must mean the high end of the standard sentencing range based on

*Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). McLeod's reliance on *Blakely* is misplaced.

*Blakely* applied the rule expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000): " 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt' ." 542 U.S. at 301 (quoting, *Apprendi*, 530 U.S. at 490). The court noted that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id.* at 303. Further, "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.* at 303-04.

Although *Blakely* and *Apprendi* both use the term "statutory maximum," it has a different meaning than the term statutory maximum as used for the purposes of setting the maximum term of an indeterminate sentence under RCW 9.94A.507. RCW 9.94A.507 specifically identifies the maximum term as the statutory maximum and the minimum term as a sentence within the standard range or an exceptional sentence outside the standard range if the offender is eligible for an exceptional sentence. RCW 9.94A.507(3). Therefore, in this context of indeterminate sentences, the legislature clearly intended the statutory maximum to mean the statutory maximum as defined in RCW 9A.20.021(1), rather than merely the high end of the standard sentencing range. Accordingly, *Blakely* is inapplicable—the statute authorizes the superior court to impose such a sentence without finding additional facts. McLeod fails to establish that he is entitled to relief on this ground.

III. CHARGING BY INFORMATION

McLeod argues that the State improperly charged him by information without a grand jury indictment. We disagree.

It is well-established that

[a] defendant may be charged in the state of Washington either by indictment by a grand jury or by an information filled by the prosecuting attorney.

*State v. Westphal*, 62 Wn.2d 301, 302, 382 P.2d 269 (1963); *see also* WASH. CONST. art. 1, § 25; RCW 10.37.015. The State properly charged McLeod by information. Accordingly, McLeod has not established that he is entitled to relief based on being charged by information.

IV. EXCESSIVE BAIL

McLeod argues that the superior court imposed excessive financial conditions during its bail determination. We disagree.

In a PRP, a petitioner must establish that they are subject to unlawful restraint. RAP 16.4(a). "A petitioner is under a 'restraint' if the petitioner has limited freedom because of a court decision in a civil or criminal proceeding, the petitioner is confined, the petitioner is subject to imminent confinement, or the petitioner is under some other disability resulting from a judgment or sentence in a criminal case." RAP 16.4(b).

Here, McLeod is under restraint from the judgment and sentence entered following his guilty plea. He is not restrained as a result of the superior court's order regarding financial conditions. Accordingly, because McLeod is not under restraint from the bail determination, he is not entitled to relief on this claim through a PRP.

Further, any challenge to his financial conditions is moot. A claim is moot when a court can no longer provide effective relief. *State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004). Because McLeod has pleaded guilty and is now serving his sentence, reducing or eliminating the amount of his financial conditions will not provide McLeod with any relief.

V. INEFFECTIVE ASSISTANCE OF COUNSEL

McLeod also argues that he received ineffective assistance of counsel regarding his plea agreement. We disagree.

To show that they received ineffective assistance of counsel, a petitioner must show that their attorney performed deficiently and that the deficiency prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failure to establish either prong is fatal to the claim. *Id.* at 700. Courts do not need to address the two elements of ineffective assistance of counsel in order and may deny a claim for ineffective assistance of counsel for failure to show prejudice alone. *Id.* at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

For a claim of ineffective assistance of counsel, if a petitioner establishes prejudice under the *Strickland* test, they have necessarily met their burden to show actual and substantial prejudice in the context of a PRP. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012).

To show prejudice when a petitioner pleaded guilty, the petitioner must show that there is a reasonable probability that the petitioner would not have pled guilty and would have instead insisted on proceeding to trial. *State v. Sandoval*, 171 Wn.2d 163, 174-75, 249 P.3d 1015 (2011);

*State v. Buckman*, 190 Wn.2d 51, 65, 409 P.3d 193 (2018). "A 'reasonable probability' exists if the defendant 'convince[s] the court that a decision to reject the plea bargain would have been rational under the circumstances.' " *Sandoval*, 171 Wn.2d at 175 (alteration in original) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 374, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)). "Rationality is an objective inquiry informed by the circumstances of the defendant." *Buckman*, 190 Wn.2d at 66-67. Therefore, " '[a] bare allegation that a petitioner would not have pleaded guilty if he had known all the consequences of the plea is not sufficient to establish prejudice,' regardless of whether that allegation is credible or not." *Id.*at 67 (alteration in original) (quoting *In re Pers. Restraint of Riley*, 122 Wn.2d 772, 782, 863 P.2d 554 (1993).

McLeod asserts many allegations of ineffective assistance of counsel including that defense counsel forced him to sign the plea agreement while "under diminished emotional, psychological, and mental capacity, [e].g. duress, fear, threat, and intimidation." PRP at 38. McLeod also asserts that defense counsel was ineffective because she waived his speedy trial rights without his knowledge or consent. And McLeod claims that defense counsel was ineffective for failing to investigate the case and his claims that he did not sexually assault the victim.

However, despite McLeod's claims that counsel was deficient, his only assertion related to prejudice is that if he "had the full opportunity to participate in [his] defense the outcome would have been different." PRP at 3. This is not even a bare allegation that McLeod would not have pleaded guilty.

Moreover, nothing in the record before us shows that it would have been rational to reject the State's plea agreement. McLeod was charged with two counts of first degree rape, first degree burglary, and first degree kidnapping. All of the charges included aggravating circumstances. If

McLeod was ultimately convicted after trial on the charges in the amended information, he faced a lengthy sentence—the standard range on the first degree rape charge, for example, would have been 240 to 318 months' confinement with a maximum term of life. And because of the aggravating factors, McLeod also faced potential consecutive sentences or sentences above the standard range. Further, the State appeared to have a strong case, including DNA evidence.

But McLeod's plea agreement greatly reduced this risk and resulted in a much shorter sentence. The standard sentencing range of the highest offense (attempted first degree rape) was only 103.5-138 months, the high end of which is dramatically less than what he faced on the charges in the amended information. And the State agreed to recommend a minimum term of 132 months, less than the high end of this much shorter range. The plea agreement presented significant benefits to McLeod and there is nothing in the record before us that establishes a rational reason why McLeod would have rejected the offer and proceeded to trial. Therefore, McLeod has failed to establish prejudice and his ineffective assistance of counsel claim must fail. Accordingly, McLeod's PRP is denied.

CONCLUSION

McLeod has failed to establish that he is entitled to relief on any of his alleged grounds. Accordingly, we deny his PRP.

No. 57751-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

VELJACIC, A.C.J.

GLASGOW, J.